IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## SECOND AMENDED PROTECTIVE ORDER

---

This matter is before the Court on the government's Unopposed Motion to Enter Second Amended Protective Order [Docket No. 190]. Having reviewed the motion, and finding good cause shown, the Court grants the motion and ORDERS as follows:

    1.    All discovery materials produced by the government are being produced to counsel for the above-captioned defendants ("Defense Counsel") only for the purpose of representing their client in this criminal case and must be used solely for the purposes of conducting pretrial, trial, and appellate proceedings in this case and for no other purposes.

2.	This Protective Order ("Order") will govern all discovery in this case. This Order limits disclosure of "Protected Information" contained within the discovery in this case. Protected Information consists of: (a) any individual's date of birth, social security number, home address, personal cellular or home telephone number, personal email address, bank account number, payment card number, driver's license number, professional license number, or family members' names ("Personal Information"); (b) confidential business information, including without limitation price, price terms, price negotiations, cost information, negotiation strategies and tactics, supply information and data, strategic and business plans, proprietary business secrets, signed contracts for the supply of broiler chicken, and non-public financial information ("Confidential Business Information") that is less than five years old as of the date the indictment was returned; (c) Confidential Business Information that is more than five years old as of the date the indictment was returned, and which the producing party designates as Confidential Business Information; (d) law enforcement investigative reports of witness interviews, reports of witness interviews created by the government, and agreements with the government; and (e) criminal background checks. Defense Counsel and any designated person (as enumerated in paragraph 4) shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), for no other purpose, and in connection with no other proceeding.

3. To designate material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on physical media labeled with the following designation: "CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]." If a party challenges a designation, the parties must meet and confer in an attempt to reach an agreement as to the proper designation. Thereafter, the parties may raise the issue with the Court. In any challenge, the burden of showing that the designation is proper is on the producing party.

4. The Protected Information may be disclosed only to: (i) defendants; (ii) Defense Counsel and counsel for the United States ("counsel for the Parties"); (iii) members of counsel for the Parties' staff who are assisting them; (iv) independent contract attorneys, expert witnesses, or advisors retained in connection with this case; (v) any witness or potential witness and the person's counsel; (vi) outside counsel for a defendant's employer or, in the case of Mr. Austin, former employer; and (vii) such other persons as hereafter may be authorized by agreement between counsel for the Parties or by order issued by the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

5. Defendants or Defense Counsel shall provide a copy of this Order to the designated persons to whom they disclose Protected Information pursuant to paragraph 4 and ensure that all persons in paragraph 4 who are to handle the Protected

Information read the Order and are informed of their responsibility to safeguard this information. Designated persons shall be subject to the terms of the Order. Defendants or Defense Counsel shall maintain a record of all such persons who have received Protected Information.

6. Designated persons in paragraph 4 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third parties in violation of this Order. In the event of an inadvertent disclosure of discovery materials in violation of this Order, defendants or their counsel must use all reasonable efforts to promptly secure the return or certified destruction of the materials inadvertently disclosed. Defense Counsel shall promptly notify the government as to the materials disclosed, and the identity of the recipient of the inadvertently produced materials. If, after a reasonable amount of time, return or certified destruction has not occurred, Defense Counsel must notify the government that return or certified destruction has not occurred.

7. Defense Counsel shall make only such copies of Protected Information as are necessary to prepare a defense of this criminal case. Such copies and reproductions shall be treated in the same manner as the original materials.

8. A copy of the protective order shall be kept with the Protected Information.

9. At the conclusion of the case, including, but not limited to, the final disposition of any appeals or petitions for certiorari, Defense Counsel shall so notify within 30 days any designated person (as enumerated in paragraph 4) to whom they

have disclosed Protected Information. Thereafter, Defense Counsel and any designated person (as enumerated in paragraph 4) shall collect all copies of the discovery materials that are subject to this Order (other than copies provided to another Defense Counsel), and shall either destroy all copies of the materials, or return to the government all copies of the materials, with the exception of (a) counsel's notes or work product that may contain information subject to this Order, and (b) court filings that contain discovery materials, which Defense Counsel will retain consistent with the terms of this Order. The destruction or return must occur within the later of thirty days of the conclusion of the case or notice by Defense Counsel. In the event Defense Counsel or any designated person destroys all copies, they shall certify the destruction in writing to the government.

The defendants and defense counsel reserve the right following the conclusion of the case to file a motion to amend the Order to allow for the continued retention by defense counsel of a copy of the discovery produced by the government to defense counsel, to be maintained by defense counsel consistent with the terms of this Order, solely so that it is available for purposes of any collateral review of any conviction in this case. The government reserves the right to oppose any such motion.

10. If a court filing, excluding any future charging instrument by the government, includes any Protected Information that is (a) Personal Information or (b) Confidential Business Information that is a trade secret or confidential sensitive business information that, if disclosed, would likely result in economic harm, or information described in Paragraph 2.d (collectively "Highly Protected Information"), the

5

filing party must either redact the Highly Protected Information from the document or, if the Highly Protected Information is material to the Court's determination, shall file the document as restricted at Level 1.

    11.    Nothing in paragraphs 1–9 of this Order:

        a. Affects or restrict the rights of any party with respect to its own materials or materials obtained outside of discovery;

        b. Prevents disclosure of Protected Information to any person that had prior access to that Protected Information;

        c. Prevents disclosure or use of discovery by the government for law enforcement purposes; or

        d. Prevents disclosure of Protected Information by any party in any trial held in this action or any appeal therefrom, or to any Judge or Magistrate Judge of this Court or the Court of Appeals or the respective court personnel for purposes of this action.

DATED November 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge