IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## DEFENDANTS' MOTION FOR A STATUS CONFERENCE

Defendants Jayson Penn, Mikell Fries, Scott Brady, Roger Austin, Timothy Mulrenin, William Kantola, Jimmie Little, William Lovette, Gary Roberts, and Rickie Blake (collectively "Defendants"), through their undersigned counsel, respectfully request that the Court hold a virtual status conference at the earliest opportunity. In support of said Motion, Defendants state as follows:

Defendants Penn, Fries, Brady, and Austin were indicted on June 2, 2020, (Doc. 1), and a superseding indictment was obtained four months later adding charges against Defendants

Mulrenin, Kantola, Little, Lovette, Roberts, and Blake. (Doc. 101.) On November 17, 2020, approximately one month after the superseding indictment was returned, the Court set a ten day joint jury trial for all of the Defendants to begin on August 2, 2021. (Doc. 198 at 7.) At the same time, the Court set a pretrial motions deadline for April 12, 2021. *Id*.

Counsel for the government has recently apprised undersigned counsel that the government anticipates jury selection, openings, the government's case-in-chief (including the government's estimate of cross-examination), and closings will require 15 trial days. Thus, even before accounting for any defense in a ten defendant case, the trial will be substantially longer than the Court's present schedule anticipates. Defendants anticipate putting on a significant defense. If each defendant uses three trial days in his own defense, given the government's estimate, the trial will require 45 trial days; even two days per defendant would require 35 trial days. These estimates of 35 or 45 trial days are consistent with Defendants' 40-day estimate as articulated in Defendants' Joint Unopposed Motion for an Additional Ends of Justice Exclusion of 180 Days From the Speedy Trial Calendar Pursuant To Title 18, United States Code, Sections 3161(h)(7)(A) and B(i), (ii) and (iv) (Doc. 188 at ¶ 9), filed on October 29, 2020.

To date, the government has produced approximately 13 million documents in discovery. While the Court's deadline for the completion of discovery passed long ago (and the government has not sought an extension of that date), the government continues to produce large volumes of discovery to Defendants on a rolling basis. As recently as January 26, 2021, the government produced over 200,000 additional documents. The government has declined to provide Defendants with an estimate as to how many additional documents it might produce or when it expects to complete its productions. This has hampered Defendants' preparation for a trial that

2

will cover a period of at least seven years and 14 identified separate and complex bid transactions, and an unknown number of additional separate and complex bid transactions.

Defendants ask that the Court set a status conference as soon as possible to: (i) discuss a schedule for the completion of discovery; (ii) set a trial date that takes into account the volume and timing of the production of discovery as well as the Court's calendar, given the anticipated length of the trial; and (iii) adjust the current pretrial motions deadline until after the Government has produced all discovery. The government does not oppose the proposed scheduling of a status conference.

## **Discovery**

The Court ordered the government to produce all Rule 16 discovery to Defendants no later than December 1, 2020. (Doc. 199; Doc. 201.) The government partially complied with that Order by producing approximately 12.7 million documents by that date. However, since the discovery deadline passed, the government has continued to produce large batches of documents to Defendants, with no end to the production in sight. Since December, the government has sent across five productions that in total included more than 350,000 files. By way of example, as recently as January 26, 2021, the government produced over 200,000 additional documents it received from Pilgrim's Pride. Defendants have repeatedly asked the government when its discovery production will be complete, but the government will not provide a firm date, insisting that it will continue to produce additional documents as it receives them.

Further, because the government has objected to Defendants' motions for bills of particulars, Defendants do not know which of the hundreds, if not thousands, of different bidding incidents reflected in the discovery the government contends are part of the charged conspiracy,

3

and, therefore, which of these bidding incidents Defendants must be prepared to defend at trial. Accordingly, Defendants are not able to streamline their discovery review by excluding documents that are not relevant to the case. Thus, Defendants are in the unenviable position of reviewing, organizing, and analyzing all documents produced to date, and needing to continually revisit their prior work as new productions continue to roll in unexpectedly.

The current deadline to file pretrial motions is April 12, 2021. (Doc. 198 at 7.) Defendants do not believe that is a realistic deadline because they do not know the scope of the government's case or its timing, or the volume of additional discovery the government intends to produce. Defendants wish to proceed to trial as soon as possible, but are prejudiced in their ability to prepare pretrial motions without access to a complete set of discovery material, despite the passing of the Court's discovery deadline over two months ago.

## Trial

Since the Court set the August 2 trial date, the government has indicated that its case-in-chief, along with jury selection, openings, and closings, will take 15 days. In response to Defendants' recent request for clarification on how it arrived at its 15-day estimate, the government disclosed its assumption that Defendants would *collectively* require only 35 hours to cross examine all of the government's witnesses. The government has, however, declined to tell Defendants how many witnesses it anticipates calling. Accordingly, Defendants are not in a position to make a meaningful assessment of the government's estimate. An allotment of 3.5 hours of *total* cross-examination per defendant for *all* government witnesses would appear to be a considerable underestimate in a case of an alleged complex conspiracy lasting at least seven years. More significantly, the government's estimate does not account for any time needed for

each of the defendants to present their own defense. All of the defendants anticipate putting on substantial defenses. Regardless of the length of the Defense's case, however, it is clear based on the government's own estimate that this case cannot be tried in anywhere close to the ten days for which it is currently set.

Ordinarily, Defendants might have waited until later in the year to address the scheduling issues that may result in amending the time allotted for trial or resetting an August trial date. However, Defendants desire a trial date as soon as practicable and recognize that the Court's calendar will undoubtedly become crowded as the District begins to open up from the restrictions currently mandated by COVID-19 and works through the backlog of cases currently set for trial. As a result, Defendants seek to have a status conference at the Court's earliest convenience to discuss the remaining volume of discovery, when the government will complete its discovery, and realistic pretrial motions and trial dates taking into account the information provided above.

### **Defendants Request that the Status Conference be Virtual**

Due to the large number of counsel involved in this case, the fact that most counsel live outside of Colorado, and the realities of the ongoing pandemic, Defendants respectfully request that the Court address this motion via virtual conference.

Respectfully submitted this 5th day of February, 2021.

>*s/ Elizabeth B. Prewitt*
>Elizabeth B. Prewitt
>Latham & Watkins LLP
>Attorney for Defendant Timothy R. Mulrenin
>885 Third Avenue
>New York, NY  10022
>(212) 906-1354
>Elizabeth.Prewitt@lw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LLP
Attorney for Defendant Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Defendant Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8876
mtubach@omm.com

*s/ Bryan B. Lavine*
Bryan B. Lavine
Troutman Pepper Hamilton Sanders LLP
Attorney for Defendant Scott James Brady
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counselor at Law
Attorney for Defendant William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
Byrne & Nixon LLP
Attorney for Defendant Jimmie Lee Little
888 West Sixth Street, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
Moore & Van Allen PLLC
Attorney for Defendant William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
Gillen Withers & Lake, LLC
Attorney for Defendant Brian Gary Roberts
400 Galleria Parkway, Suite 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Defendant Rickie Patterson Blake
Robbins Russell Englert Orseck Untereiner
& Sauber LLP
2000 K Street N.W.
4th Floor
Washington, D.C. 20006
(202) 775-4514
bpollack@robbinsrussell.com

**CERTIFICATE OF SERVICE**

      I hereby certify on this 5th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all listed parties.

      *s/ Elizabeth B. Prewitt*
      Elizabeth B. Prewitt