IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

The matter is before me on Defendants' Third Joint Unopposed Motion for an Ends of Justice Exclusion of 90 Days from the Speedy Trial Calendar [Docket No. 259]. The United States does not oppose a 90-day exclusion. *Id.* at 12.

The trial in this matter is set for August 2, 2021. Docket No. 198 at 7. In ruling on the last motion to exclude time, I excluded 180 days from January 4, 2021. *Id.* That 180-day period does not expire until July 3, 2021. Moreover, as I found in my November 17, 2020 order, there are 70 days remaining on the original speedy trial period. *Id.* at 2.

Defendants indicate that, since the last motion to exclude time, the government has produced over 1.2 million additional documents and that, on April 15, 2021, the government produced 170,000 additional documents. Docket No. 259 at 8. Much of the discovery consists of voluminous phone records, pricing and sales data, text and email records, and financial data and analysis. *Id.* at 8. Defendants have been analyzing this information, but they need additional time since, given the nature of the documents, the review process is difficult and time-consuming. *Id.* Defendants also need to perform various investigations, including witness interviews, and to meet in-person with their attorneys, but this has been difficult due to health concerns about travel. *Id.*

The defendants' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047

2

(10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the

3

> Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 90 days is justified and necessary to enable the defendants to review and analyze the large volume of discovery, to conduct investigations, to interview witnesses in person, to consult with potential expert witnesses, and to prepare for trial.

I find that it would be unreasonable to expect adequate preparation by the defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and that which has previously been excluded.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C.  § 3161(h)(7)(c), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and that which has already been excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 90 days from July 3, 2021 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendants' Third Joint Unopposed Motion for an Ends of Justice Exclusion of 90 Days from the Speedy Trial Calendar [Docket No. 259] is **GRANTED**.  It is further

2. **ORDERED** that the pretrial motions deadline, currently set for May 21, 2021, as well as the response deadline, currently set for June 11, 2021, are vacated.  All pretrial motions shall be filed by **July 26**, **2021** and responses to these motions shall be filed by **August 16**, **2021**.  It is further

3. **ORDERED** that the Trial Preparation Conference, currently scheduled for July 30, 2021 at 1:30 p.m., as well as the trial, currently scheduled to begin on August 2, 2021 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be re-set for

**October 8**, **2021 at 3:00 p.m.** and the trial will be re-set for **October 25, 2021 at 8:00 a.m.** for 32 days ending December 21, 2021.  It is further

    4.  **ORDERED** that 90 days from July 3, 2021 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

    DATED May 20, 2021.

                                BY THE COURT:

                                /s Philip A. Brimmer
                                PHILIP A. BRIMMER
                                Chief United States District Judge