# EXHIBIT A



O'Melveny & Myers LLP  
Two Embarcadero Center  
28th Floor  
San Francisco, CA 94111-3823

T: +1 415 984 8700  
F: +1 415 984 8701  
omm.com

June 10, 2021

**Michael Tubach**  
D: +1 415 984 8876  
mtubach@omm.com

**VIA E-MAIL**

Michael T. Koenig  
Trial Attorney  
U.S. Department of Justice  
Antitrust Division  
450 5th Street, N.W.  
Washington, DC 20001

Re: *United States v. Penn, et al., Criminal Action No. 20-cr-00152-PAB*

Dear Mr. Koenig:

On behalf of all Defendants, I write to raise, and in some cases re-raise, a series of issues materially compromising Defendants' ability to effectively defend themselves in this action. Defendants would appreciate a prompt response from the government on each of the topics below.

*First*, Defendants request that the government provide a date when it will complete production of discovery pursuant to Rules 16(a) and 26.2 of the Federal Rules of Criminal Procedure; the Jencks Act, 18 U.S.C. §3500; *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; and *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny. The Court ordered the government to produce Rule 16 discovery to Defendants charged on the original indictment on or before September 15, 2020, and to defendants charged on the superseding indictment on or before January 15, 2021.[1] Yet the government continues to make voluminous productions without leave from the Court and with no adequate explanation for its violation of the Court's orders. In the last four weeks alone, the government produced nearly 240,000 documents to Defendants. To prepare for the trial set to begin on October 25, 2021, and to meet the upcoming deadlines for disclosure of expert opinions and pretrial motions, Defendants need immediate production of *all* discovery. Please confirm that the government will complete its production by June 30, 2021. If the government cannot or will not complete production by that date, please provide a firm date by which discovery will be complete.

---

[1] Jayson Penn (Sept. 4, 2020), Dkt. No. 30; Roger Austin (Sept. 15, 2020), Dkt. No. 28; Scott Brady (Sept. 15, 2020), Dkt. No. 29; Mikell Fries (Sept. 4, 2020), Dkt. No.45; Rickie Blake (Nov. 24, 2020), Dkt. No. 153; Brian Roberts (no date specified), Dkt. No. 150; Timothy Mulrenin (Dec. 21, 2020), Dkt. No. 138; William Kantola (Jan. 8, 2021), Dkt. No. 141; William Lovette (Jan. 8, 2021), Dkt. No. 147; and Jimmie Little (Jan. 15, 2021), Dkt. No. 144.



*Second*, Defendants request that the government promptly produce reports of all witness interviews that it has conducted to date. In its two most recent productions, on May 24 and June 8, 2021, the government disclosed only three interview reports. One of the FBI 302s documented the interview of a key witness who is cooperating with the government. Another contained important information concerning time zones in phone records – information that defendants had specifically requested from the government and which the government committed to provide "as we receive it." *See* Letter to M. Koenig (Oct. 15, 2020) and M. Koenig's response letter (Nov. 20, 2020). The interviews took place on February 11 and 23, 2021, respectively, and the reports were drafted on March 4 and March 2, 2021, respectively. Delaying the production of reports for more than three months needlessly deprives Defendants of information that they need to defend themselves.

Moreover, the government is withholding from the defense reports of interviews that it conducted months ago. On April 3, 2021, the government informed Mr. Craig Gillen, counsel for Defendant Roberts, that the government had interviewed ▇▇▇▇▇▇▇▇ and that he would likely be a witness for the government at trial. The government has not produced any report of an interview of ▇▇▇▇▇▇.

Defendants cannot properly prepare for trial if the government continues to withhold interview reports and/or produce them months after the fact. Accordingly, Defendants request that the government (1) confirm whether it has conducted any interviews beyond those for which the government has provided summaries to date to Defendants and (2) if so, provide a list of those interviews and when the government anticipates providing summaries.

*Third*, Defendants continue to find errors in the government's productions, including metadata problems similar to those that Defendants first raised in September of last year, including the following:

- The images and extracted text for many documents in production volume BR_CHICK_019 do not align. It appears that the extracted text includes many names and phone numbers that do not appear in the images. For an example, see DOJ-ATR006-00000007. The government did not produce natives for these documents.

- The images and extracted text for documents in certain Pilgrim's productions do not align. For examples, see PILGRIMS-DOJ-0000970679 and PILGRIMS-DOJ-0000936294.

That these errors continue to recur—even in documents for which the Department of Justice is the custodian—indicates to Defendants that the government has not attempted to remedy what appears to be a systemic problem, even after Defendants made the government aware of that problem seven months ago. *See* Letter to M. Koenig at 2 (Nov. 5, 2020). Once again, Defendants request that the government take immediate steps to correct these flaws and provide answers to the following questions:



- What is the scope of the affected documents and data? Please answer in detail, as Defendants are continuing to search through the government's production and need to know which tranches of documents may contain metadata errors.

- What caused the errors?

- Do the errors extend to all of the metadata for the affected files?

- How and when will the government remedy the errors?

- What processes will the government put in place to avoid similar errors in the future?

As the government knows well, palming these problems off to producing parties does Defendants little good, especially when the government is best positioned to enforce compliance with its own production specifications. It is the *government's* obligation, not the producing party's, to "make available" discovery and to permit Defendants "to inspect" it. Fed. R. Crim. P. 16(a)(1)(B), (E). And as more than one court has recognized, the government's discovery obligations extend to producing electronically stored information—including TIFFs and metadata—in a reasonably usable form. *United States v. Stirling*, 2012 WL 12926045, at *2 (S.D. Fla. June 5, 2012) (agreeing with defendant that "production of something in a manner which is unintelligible is really not production," and ordering new trial because government did not produce metadata in "in a reasonably usable form"); *United States v. Briggs*, 2011 WL 4017886, at *8 (W.D.N.Y. Sept. 8, 2011) (agreeing that the government should produce ESI "in a reasonably usable form or forms," and ordering the government to organize and reproduce data "in a manner that is searchable by the defense").

Given the current trial date in October, it is essential that the government address and/or rectify these concerns in a timely manner.

Very truly yours,

*/s/ Michael F. Tubach*
Michael Tubach
of O'MELVENY & MYERS LLP

Cc: All Counsel in Criminal Action No. 20-cr-00152-PAB