# EXHIBIT B

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

DANIEL J. FETTERMAN
DIRECT DIAL: (212) 506-1934
DIRECT FAX: (212) 500-3434
DFetterman@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 3, 2021

**VIA EMAIL**

Michael Tubach, Esq.
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

      Re:    *United States v. Jayson Penn, et al.*, No. 20-cr-00152-PAB (D. Colo.)
              Rule 17(c) Trial Subpoena to Pilgrim's Pride Corporation

Dear Michael:

      We represent Pilgrim's Pride Corporation ("Pilgrim's") in connection with the Rule 17(c) trial subpoena that we understand you and the other counsel to the Defendants in the above referenced matter intend to serve on Pilgrim's (the "Subpoena").[1]

      On its face, the Subpoena and its requests for production are fatally overbroad under the stringent requirements of Federal Rule of Criminal Procedure 17(c) and *United States v. Nixon*, 418 U.S. 683, 700 (1974).  Among other things, the Subpoena contains overbroad language such as "all documents," "any and all," and "including but not limited to."  Furthermore, you have failed to specifically identify the documents sought, what the contents of those documents contain, and how the identified documents are relevant or admissible.  Indeed, as to several requested categories you already have received substantial productions of documents from the government containing many of those documents, and yet you fail to acknowledge this fact or to identify which specific documents you believe exist that you have not yet received.  Other requests seek documents that you do not have a basis to contend that you know exist, or seek unidentified communications that you should know – if they did exist – would consist mostly of inadmissible hearsay.  In addition, the requests on their face seek information that is protected by

---

[1] As of this writing, we are not aware that the Subpoena has been served on Pilgrim's.  Nor has a courtesy copy been provided to either us or in-house counsel at Pilgrim's.

KASOWITZ BENSON TORRES LLP

Michael Tubach, Esq.
August 3, 2021
Page 2

the attorney-client privilege, the attorney work product doctrine and the accountant-client privilege.

Moreover, despite your inaccurate description to the Court that compliance with the Subpoena would require "minimal effort," as you are undoubtedly aware, it likely will take many months and cost millions of dollars to review the many hundreds of thousands, if not millions of documents, that are requested, most of which are (i) irrelevant, (ii) inadmissible, (iii) already in your possession, and/or (iv) protected by privileges and/or constitute attorney work product. For all of these reasons, among others, the proposed Rule 17(c) subpoena is improper, and Pilgrim's has no choice except to move to quash the Subpoena and for a protective order.

We nevertheless are willing to meet-and-confer to discuss what specifically identifiable, relevant, and admissible evidence that you know exists and Pilgrim's possesses that would be responsive and not unduly burdensome to produce – provided you can represent that such evidence has not already been produced to you by the Department of Justice.

To enable us to appropriately evaluate and respond to the Subpoena, we ask that you please identify by the close of business tomorrow, Wednesday, August 4, 2021: (i) the specific documents or sharply defined categories of documents you know exist and are seeking (and that you have *not* already received through the government's reproduction of Pilgrim's voluminous document productions from the civil antitrust litigation and in response to the government's grand jury subpoena to Pilgrim's); (ii) what information the specific documents or sharply defined group of documents contain; (iii) why the contents of those documents are relevant to your defense (i.e., the absence of which essential element of the crime they will demonstrate); and (iv) why those specific documents or sharply defined category of documents would be admissible at trial. Provided we receive the requested information by close of business tomorrow, we are available to meet and confer on Thursday after 4:00 pm (ET).

Sincerely,

*/s/ Daniel J. Fetterman*

Daniel J. Fetterman

cc.:   All Defense Counsel