# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION FOR A
SUBSTANTIVE PRELIMINARY JURY INSTRUCTION**

Defendants, by and through their respective counsel, respectfully request that the Court give the jury a substantive instruction on the Sherman Act at the beginning of trial. Defendants acknowledge that the Court ordinarily instructs the jury on the substance of the charged offense after the close of evidence. However, given the length of the trial and the nature of the charged antitrust offense, which focuses on and requires inferences from facially lawful business conduct, a substantive preliminary instruction is appropriate in this case.

"The behavior proscribed by the [Sherman] Act is often difficult to distinguish from the gray zone of socially acceptable and economically justifiable business conduct." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 440-41 (1978). A preliminary instruction about the charged offense, and the type of conduct that is or is not lawful, would help the jury understand and

1

process the evidence during the two-month trial. Absent that instruction, the jurors will be at sea for months before they have any guidance about an unfamiliar and complex area of the law, or any framework to use in assessing the evidence.

## ARGUMENT

The Court has "great discretion regarding trial procedure applications." *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010). This includes the discretion to instruct the jury through preliminary substantive instructions. *See* Wright & Miller, *Federal Practice and Procedure* § 483 Procedure for Instructing Jury; *United States v. Johnson*, 403 F. Supp. 2d 721, 834 (N.D. Iowa 2005) (substantive preliminary jury instructions reflect "well-reasoned modern trend" of "outlining the issues and the law involved prior to the taking of testimony" (internal quotations omitted)); *Huey v. Jackson*, No. 1:19-cv-934, 2019 WL 6873011, at *6 (W.D. Mich. Dec. 17, 2019) ("[T]he federal courts may instruct the jury before evidence is taken, after the close of arguments, or both.").

Substantive preliminary jury instructions enhance jurors' "attention and memory" by providing them a framework through which to "perceive[]" evidence and comprehend the law. 2 Jurywork Systematic Techniques § 16:28, Aiding juror comprehension of the law— Substantive Preliminary Instructions. In other words, substantive preliminary instructions create more accurate factfinding because they improve the jury's ability to "understand[] what [they] are looking for," and in turn, "to assimilate evidence and link it to relevant legal issues." *Id*.; *see also* Fed. Judicial Ctr., Manual of Complex Litig. (Fourth) § 12.432 (2004) ("Jurors can deal more effectively with the evidence in a lengthy trial if they are provided with a factual and legal framework to give structure to what they see and hear."); ABA Standards for Criminal Justice:

2

Discovery & Trial by Jury § 15-4.4(b) & cmt. (3d ed. 1996) ("The purpose of [preliminary instructions] is to provide the jurors with the basic information necessary to understand the evidence they are about to hear.").

That is why in cases involving particularly complex subject matter unfamiliar to jurors—like antitrust charges—courts routinely provide substantive preliminary instructions outlining the law. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2013 WL 10936486, at *3 (N.D. Cal. July 11, 2013) (granting request for "preliminary instructions on the substantive claims" in antitrust case); *In re Nexium Antitrust Litig.*, No. 1:12-md-02409-WGY (D. Mass.), ECF No. 1043 at 13 (defendants' proposed substantive preliminary jury instructions, which were later provided to the jury), ECF No. 1100 at 25 (transcript of pre-trial hearing at which court granted request to give substantive preliminary instructions); *see also United States v. Stein*, 429 F. Supp. 2d 648, 651-52 (S.D.N.Y. 2006) (providing substantive preliminary instructions in conspiracy and tax evasion case); *United States v. Mirabal*, No. 09-CR-3207-JB, 2010 WL 3834264, at *2 (D.N.M. Aug. 7, 2010) (conspiracy); *Johnson*, 403 F. Supp. 2d at 834 (death penalty case).

These cases reflect "a well-reasoned modern trend to give instructions outlining the issues and the law involved prior to the taking of testimony." *United States v. Bynum*, 566 F.2d 914, 923-24 (5th Cir. 1978) (complex conspiracy case). Indeed, the government has moved for substantive preliminary instructions in antitrust cases, like this one, alleging price-fixing and bid-rigging. *See, e.g.*, United States' Proposed Jury Instructions, *United States v. Katakis*, 11-cr-511 (N.D. Cal. Jan. 13, 2014), ECF No. 194 at 1, 4-6. And the Tenth Circuit has acknowledged that district courts may discuss "the elements of the offense" in preliminary instructions. Tenth

3

Circuit Criminal Pattern Jury Instruction 1.01 (2021 ed.).

Even courts that typically provide instructions only "after the close of evidence and prior to argument" depart from their usual practice when dealing with long trials and complex issues. *United States v. Thompson*, No. CR-09-0088-FVC, ECF No. 343 (motion for substantive preliminary jury instructions); ECF No. 442 (order granting motion). The Eastern District of Washington, for example, departed from its "general policy" and provided substantive preliminary instructions when the trial took place "over an extended period of time" (one month), there were "numerous lay and expert witnesses," the jury had to "sort through a substantial amount of evidence," and the case involved complex criminal law unfamiliar to ordinary jurors (deprivation of rights under color of law and falsification of records in a federal investigation). *Thompson*, No. CR-09-0088-FVC, ECF No. 343 at 3 (motion for substantive preliminary jury instructions). Such instructions "better equipped" the jurors "to understand the issues and law" in the "lengthy criminal trial." *Id*.

The Court should do the same here. Like *Thompson*, this case involves a substantial amount of evidence, numerous lay and expert witnesses, unfamiliar criminal law, and will last for an extended period of time—indeed, it is anticipated to last double the length as in *Thompson*. And it will require jurors to internalize and apply complex antitrust law for which "a roadmap at the beginning of the case" will be immensely helpful. *Mirabal*, 2010 WL 3834264, at *2; *see In re TFT-LCD*, 2013 WL 10936486, at *3 (granting request for preliminary substantive instructions on antitrust issues); *In re Nexium*, Case No. 1:12-md-02409-WGY, ECF No. 1100, at 25 (same); *Stein*, 429 F. Supp. 2d at 649 ("It is only common sense to think that it would be helpful to the jurors to know at the outset of a long trial what they are going to be asked to decide

4

at the end.").

This is a particularly compelling case for a preliminary jury instruction. Absent such an instruction, the jury will hear weeks of testimony about information exchanges, without any guidance from the Court as to what is lawful and what is not. The jury's ability to focus on and distill the evidence will be greatly enhanced by a preliminary jury instruction on the law.

The recent *James* hearing crystallizes the point. There, FBI Special Agent LaNard Taylor—who was specifically "assigned to investigate possible antitrust violations in the broiler chicken industry," *James* Hr'g Tr. 11:11-12—repeatedly confused the basics of antitrust law. Tr. 36:16-20 (testifying about independent pricing decisions as if they were antitrust violations); *see* Tr. 48:13-16, 68:20-24, 193:20-22, 195:25-196:4, 196:11-13, 272:17-19 (similar). For instance, although it is well established that merely exchanging price information is *not* an antitrust violation, ECF No. 395 at 3, 6, Agent Taylor discussed the exchange of information as though it were like the exchange of drugs, suggesting the mere transfer is the offense itself. Tr. 111:10-12 (testifying about "conspiracy to share prices"); Tr. 13:19-25 (testifying about exchange of price information as crime); Tr. 45:9-20, 48:13-16; 65:13-17 (similar). That testimony is fundamentally wrong, and it shows that even professionals who are responsible for enforcing the antitrust laws struggle to understand them and their application in a real-world business context. ECF No. 395 at 3, 6.

## CONCLUSION

The Court should exercise its discretion to supplement its usual preliminary instructions with a substantive antitrust instruction. Defendants' proposed language for a preliminary instruction will appear in the proposed jury instructions Defendants are filing on October 6,

2021.

Dated: October 1, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

6

| | |
|---|---|
| *s/ Craig Allen Gillen* | *s/ Barry J. Pollack* |
| Craig Allen Gillen | Barry J. Pollack |
| GILLEN, WITHERS & LAKE, LLC | Attorney for Rickie Patterson Blake |
| Attorney for Gary Brian Roberts | ROBBINS, RUSSELL, ENGLERT, |
| 400 Galleria Parkway, Ste. 1920 | ORSECK, & UNTEREINER LLP |
| Atlanta, GA 30339 | 2000 K Street N.W., 4th Floor |
| (404) 842-9700 | Washington, DC 20006 |
| cgillen@gwllawfirm.com | (202) 775-4514 |
| | bpollack@robbinsrussell.com |

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: October 1, 2021

*s/ Michael F. Tubach*

Michael F. Tubach

8