IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>      Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE GOVERNMENT'S PROPOSED SUMMARY EXHIBITS**

The government's opposition (Doc. 723) amplifies the many problems identified in Defendants' motion to exclude (Doc. 715). Indeed, the government repeatedly concedes that its proposed "summary" exhibits do not comply with the plain requirements of Rule 1006 because they do not summarize voluminous records or, in several instances, any underlying records at all. *See, e.g.*, Doc. 723 at 7-13. The government also acknowledges that the exhibits cherry-pick specific statements from underlying documents rather than summarize the full content of the documents, using the exhibits to present soundbites out of context of the rest of the documents. *Id.* at 7-8. As discussed in Defendants' motion to exclude, these tactics are improper and the proposed "summary exhibits" do not meet the requirements of Rule 1006 or Rule 611(a). And while the government purports to have belatedly corrected a handful of blatant errors, the

1

fundamental failings remain. None of the government's proposed summary exhibits should be admitted.

      1. The government dismisses its failures and contends that "summaries" can be admitted pursuant to lower standards and for purposes other than those described in Rule 1006. *Id*. at 7. Specifically, it argues that the proposed exhibits are a form of hybrid exhibit under Rules 611 and 1006 that can be admitted any time it will aid the jury and the preparer is available for cross examination. *Id*. at 3. The government is wrong. As a threshold matter, the Tenth Circuit case on which the government relies discussed the use of summary charts "only in exceptionally complex drug conspiracy cases." *United States v. Ray*, 370 F.3d 1039, 1046-48 (10th Cir. 2004) (noting case was "particularly complex"). The government has represented that this case "is relatively straightforward" and it is "unnecessary" to provide aid to the jury when it is receiving evidence. Doc. 762 at 7 (arguing against any substantive preliminary instruction to aid the jury understand and interpret evidence, and rejecting notion that the case involves anything "particularly complex"). The government cannot have it both ways.

      The charts at issue in *Ray*, moreover, summarized the *testimony* of trial witnesses and therefore fell outside Rule 1006 completely. 370 F.3d at 1046. Accordingly, the issue in that case was not whether the government has multiple paths by which it can admit summaries of documents (or otherwise has a failsafe if it falls short of the requirements of Rule 1006), but whether trial testimony from scores of witnesses can sometimes be summarized in charts in extremely complex drug conspiracy cases. *Id*. at 1046-47; *see United States v. Johnson*, 54 F.3d 1150, 1157 (4th Cir. 1995) (relied on by *Ray* and discussing single summary chart of "testimony already adduced at trial"). The elements the Tenth Circuit discussed applied only to those types

of charts, in those types of cases, under those types of circumstances. Where, as here, Rule 1006 governs the exact question at issue—whether a summary of writings is appropriate—that Rule governs. The government is entitled to no short cuts. Rule 611 is no different. *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991) (Courts have "long held that . . . pedagogical devices [under Rule 611] should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during deliberations.").[1]

Finally, the Tenth Circuit was explicit that its ruling would not apply to "ordinary" prosecutions. "In such cases, the use of summaries—be it through narrative or charts—is best saved for the prosecutor's closing argument. The dangers inherent in using a summary witness in a federal criminal prosecution to support the government's case-in-chief are plain." *Ray*, 370 F.3d at 1047 n.6 (quotation omitted). Those risks are particularly clear here since the government regularly cherry-picks soundbites from a handful of documents to argue the government's view of the evidence rather than faithfully summarizing voluminous material. In short, the government advocates an inapplicable legal standard, and fails to satisfy it in any event.

2. Notwithstanding its erroneous approach to summary exhibits, the government states that Defendants "misunderstand[]" the purpose of summaries and that "excerpt[ing] small portions" of larger documents is appropriate. Doc. 723 at 7-8. The government misses the point. While summaries naturally condense a larger whole, they must accurately reflect the underlying

---

[1] The other case the government invokes is clear that the admission of any non-Rule 1006 "summary" is "*unusual*," will generally focuses on "testimonial" evidence, and can only occur when the "summaries so accurately and reliably summarize complex or difficult evidence" that they are beyond reproach in their material assistance to jurors. *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998). For the reasons discussed in this brief and Defendants' opening brief, that is not the case here.

3

material being summarized. Nothing can be lost in the translation, which means no embellishing, including by omitting relevant context. Doc. 715 at 2-3. Here, the government takes a handful of documents, picks out select statements from them, and calls it a "summary." But much as excerpting this sentence and presenting it to the jury would not faithfully summarize the contents of this brief, the government's tactic of throwing soundbites together does not faithfully summarize the underlying documents.

        3. The government also claims that the "summary" exhibits are necessary because jurors may otherwise confuse individuals with the same first name. Doc. 723 at 7. The claim makes no sense and is clearly a post-hoc rationalization. The Court has made clear that the parties are to avoid referring to individuals by their first names, instead using Mr. or Ms. together with last names. Most of the proposed exhibits, moreover, do not involve people with overlapping names.

        4. Next, although the government invokes the word "voluminous," it concedes that many of its exhibits rely on only a few documents, or on only very small portions of documents. Rule 1006 is unambiguous that summaries of documents must reflect "voluminous" material that would be "difficult" and "inconvenient" to comprehend. They are appropriate when they would be "the only participable means of making their contents available to judge and jury." Fed. R. Evid. 1006, Advisory Committee Notes (1975). That is not the case with the government's proposed exhibits. The Court should exclude them for that reason alone. *Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335 (10th Cir. 1996) ("eighteen one-page" documents not voluminous); *Griddine v. GP1 KS-SB, Inc.*, 2019 WL 1002049, at *8 (D. Kan. Feb. 28, 2019) (223 pages not necessarily "so voluminous as to require a summary").

4

5. The government also baldly declares that all documents underlying their exhibits are admissible. Doc. 723 at 2. As Defendants explained in their opening brief, this is not accurate. Defendants contest (and will continue to contest) the admissibility of the underlying material, not all of which was in the government's *James* proffer. The government, however, conflates the Court's preliminary findings about certain hearsay statements, with admissibility, authentication, prejudice, hearsay within hearsay, and the many other factors impacting admissibility. *See* Doc. 715 at 3-5. The Court has not had the opportunity to address these issues and did not purport to pre-admit documents into evidence before the trial has started. Indeed, with respect to the issue of authenticity, the Court specifically declined to make a ruling in advance of trial. It is the government's burden to prove each document is actually admissible and in evidence—a burden it ultimately will not be able to meet—before any of the proposed exhibits can be admitted.

6. Finally, the government states that Defendants only identified eight errors in their summaries and that those errors are now corrected. The government misses the forest for the trees. First, the government has done nothing to address the objection that their summary exhibits amount to government argument and should not be presented to the jury as evidence. Second, the government ignores the fact that the specific examples highlighted by Defendants are just that— examples of pervasive issues found repeatedly throughout the exhibits, issues that undermine their reliability and accuracy. It is the government's burden to prove that its proposed summary exhibits accurately reflect the underlying documents, a burden it has failed to carry. Defendants address the government's exhibit-specific responses in turn:

*Exhibit A1.* First, the government has made the weakest of concessions by amending the exhibit to read "Minimum Time Period (By Year)," but does not address Defendants' objection

that the exhibit misleadingly rounds the listed dates to the nearest year. *See* Doc. 715 at 5-6. There is no basis to misrepresent the underlying documents and the actual dates of association. The government claims it is entitled to mischaracterize the evidence because it does not want to "inundate the jury with unnecessary information." Doc. 723 at 9. The government cannot sidestep its burden of proof or the Rules of Evidence by deeming some information unnecessary and then presenting its preferred evidence in the guise of a "summary." Moreover, when the purpose of the exhibit is to describe relationships, this information is material.

Second, the government does not address Defendants' objection that the exhibit implies that individuals owned an associated phone number for the entirety of the listed time, when the underlying documents only demonstrates ownership for a small set of specific dates. *See* Doc. 715 at 5. The evidence being summarized does not show each individual owned the relevant phone numbers during all of the listed times.

Third, the government ignores Defendants' objection that the exhibit contains extraneous information in the "associated toll exhibits" column that is not in any way "summarized" in the exhibit itself. *See* Doc. 715 at 6. Instead, the government states that this column reflects calls the government "intends to introduce at trial." Doc. 723 at 9.

***Exhibit A2.*** The government admits that this chart is "not summarizing writings." Doc. 723 at 9. As discussed above and in Defendant's opening brief, it is is not appropriate to admit as a summary exhibit. *See United States v. Milkiewicz*, 470 F.3d 390, 397 n.14 (1st Cir. 2006) ("Courts usually do not allow such charts to go to the jury room absent consent of the parties."); *see* 31 Federal Practice and Procedure § 8043, at 524 n.9 (courts usually "do not permit demonstrative evidence in the jury room").

*Exhibit A3.* The government admits that it intends to use this chart as a "demonstrative," not a summary exhibit. Thus, by the government's admission, this document should not be admitted into evidence or go back with the jury. *See Wood*, 943 F.2d at 1053.

*Exhibit A4.* The government ignores certain objections and fails to cure others. First, the government does not appear to understand the difference between "summary" and "argument." By excerpting their preferred elements of conversations—rather than faithfully summarizing the underlying documents—the government is leading the jury to think that these are the only parts of the conversations, or at least the only parts that matter. The government goes so far as to pluck single sentences out of much larger documents. *See, e.g.*, Doc. 723-4 at 8 (citing GX 424). In so doing, it is necessarily arguing for a view of the evidence, not objectively summarizing documents.

Second, the government has not explained how listing un-summarized documents on its proposed exhibits renders the documentation voluminous or the exhibits proper. *See* Doc. 715 at 8. As just one example, the government cites GX944 in support of three conversations that occurred between Jayson Penn and Tim Stiller on February 17, 2017 and February 21, 2017. *See* Doc. 723-4 at 43-44. But this document is a seemingly unrelated email thread between Jayson Penn and Brenda Ray in December 2014. *See* GX944. This non-contemporaneous thread, which is not the subject of the exhibit, cannot possibly be helpful to elucidate the content or any other identifying information relevant to a conversation between Mr. Penn and Mr. Stiller three years later.

Third, the government has not corrected the systematic problem of omitting time zone and duration of calls throughout the document *See* Doc. 715 at 8-9. And in instances where

7

events appear out of order to match the government's preferred narrative, the government states that a summary witness "will testify as to the basis of such ordering." *See id.* at 11. But this approach is improper as it serves as a type of embellishment and annotation.

***Exhibit A5.*** The government does not respond to the Defendants' objections (i) that the exhibit does not summarize voluminous material, (ii) that the cited documents are not relevant to the specific information contained in the exhibit, and (iii) that the exhibit goes beyond summary with irrelevant images and graphics used as argument. *See* Doc. 715 at 9-10. Strangely, the text thread that the government points to in defense of its proposed exhibit does not even appear in the exhibit. *Compare* Doc. 723 at 11 (citing GX433-47) *with* Doc. 723-5. The underlying documents that are actually used in the proposed exhibit are often non-contemporaneous and no link is apparent or explained by the government.

***Exhibit A6.*** The government fails to address the fundamental problem with exhibit A6: it misleadingly annotates and embellishes portions of a handful of documents with graphics, arrows, and purported connections not reflected in the underlying document. *See* Doc. 715 at 10-11. The slides also contain lists of underlying documents not clearly associated with any given piece of information. *See, e.g.*, Doc. 723-6 at 8 (a slide showing four phone calls and two texts, but citing documents that do not appear on the slide: GX1226 (contract), GX1160, GX1051, GX9091, GX6082, GX4002, GX1500, GX1507 (emails)). The government also cites to several exhibits that Defendants have not yet received. GX8095, GX8096, GX9280, GX9275, GX9278. It cannot admit "summaries" of documents that Defendants have never seen. Fed. R. Evid. 1006.

***Exhibit A7.*** Instead of responding to Defendants' objections, the government merely reasserts what the modified document purportedly represents. *See* Doc. 723 at 12. As just one

example, the government does not address the fact that the document it includes as Tyson's "contract" for 2014 is not a contract at all. *Compare* Doc. 723-7 at 2 *with* GX1129. Additionally, the government still cherry picks information from two separate years and compares them as if they are interchangeable without the context of all the intervening negotiations, bids, and market changes. The exhibit is misleading and inappropriate. *See* Doc. 715 at 11-12.

***Exhibit A8.*** The government does not accurately summarize the underlying documents, omitting information and individuals listed in those documents. *See* Doc. 723-8 at 2. In presenting a selective, cherry-picked "summary," the government uses the exhibit to advance an argumentative narrative. There is no reason the jury cannot read and comprehend the few underlying exhibits themselves. Doc. 715 at 12.

***Exhibit A9.*** The government generally ignores Defendants' argument that the call totals are stripped of relevant information, including timestamps and duration. This alone renders the exhibit misleading and inappropriate. *Id*.

***Exhibit A10.*** The government concedes that this document is a demonstrative. And it does not dispute that the document lacks evidentiary foundation. Accordingly, it should not be admitted.

\* \* \* \* \*

The government's arguments lack merit and do not rebut Defendants' arguments about confrontation clause issues and the admissibility of underlying documents. Doc. 715 at 3-5, 13-14. For all of the reasons discussed above and in Defendants' opening brief, the Court should exclude the government's proposed summary exhibits.

Dated: October 24, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: October 24, 2021

*s/ Michael F. Tubach*

Michael F. Tubach