IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br> 1.    JAYSON JEFFREY PENN, <br> 2.    MIKELL REEVE FRIES, <br> 3.    SCOTT JAMES BRADY, <br> 4.    ROGER BORN AUSTIN, <br> 5.    TIMOTHY R. MULRENIN, <br> 6.    WILLIAM VINCENT KANTOLA, <br> 7.    JIMMIE LEE LITTLE, <br> 8.    WILLIAM WADE LOVETTE, <br> 9.    GARY BRIAN ROBERTS, and <br> 10.   RICKIE PATTERSON BLAKE, <br><br> Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' MOTION TO EXCLUDE NEWLY-IDENTIFIED SUMMARY EXHIBITS**

Nearly a week into trial, the government has significantly revised its approach to "summary" exhibits, transforming the ten exhibits filed with the Court into forty-three exhibits. This shift is most significant for what was previously exhibit A4, a document the government presented to the Court and Defendants as a single 44-page chart. Doc. 670 at 2 (government describing exhibit A4 as a "table"); Doc. 723-4. The government now intends to introduce nineteen different "summary" exhibits in its place. Ex. A (October 28, 2021, email sending the Court and Defendants a "mapping" chart). None of those nineteen exhibits satisfies the requirements of Rule 1006. Indeed, each exhibit contains and amplifies the problems Defendants identified with exhibit A4 (*see* Docs. 715, 728) while creating several more. Each involves a small set of information and underlying materials, each engages in selective and skewed

1

excerpting rather than faithful summarizing, and each involves blatant errors and argument. The Court should exclude these nineteen "summary" exhibits: GX1-1, GX2-1, GX3-1, GX4-1, GX5-1, GX7-1, GX8-1, GX9-1, GX10-1, GX10-2, GX10-3, GX14-1, GX14-2, GX14-3, GX16-1, GX17-1, GX18-1, GX18-3, and GX20-1.[1]

***Non-Voluminous Underlying Material***. The Court has already ruled an exhibit that "summarize[s]" a "small number" of underlying materials is improper under Rule 1006. Doc. 741 at 6 (excluding former exhibit A5). The Tenth Circuit and other district courts are in accord. *See Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335 (10th Cir. 1996) ("eighteen one-page" documents not voluminous); *Griddine v. GP1 KS-SB, Inc.*, 2019 WL 1002049, at *8 (D. Kan. Feb. 28, 2019) (223 pages not necessarily "so voluminous as to require a summary"). The nineteen exhibits advanced by the government are all short (between one and six pages) and each summarizes only a small set of documents and purported communications, sometimes fewer than former exhibit A5, which the Court excluded for failure to summarize voluminous material. Doc. 741 at 6. The new exhibits are:

- GX1-1. A single page exhibit that purports to "summarize" five email threads and three phone calls.

---

[1] On October 28, 2021, the government filed an updated exhibit list. Doc. 753. It contains many additional "summary exhibits" that the government has never disclosed and that the Court should exclude on that ground alone. *See* Doc. 753 (Government Exhibits 4-2, 4-3, 5-2, 6-1, 7-2, 8-2, 9-3, 9-4, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9, 18-10, 30-1, 30-2, 30-3, 40-1, 40-2, 40-3, 60-1, 60-2, 60-3, 60-4, 60-5, 60-6, 60-7, 60-8, 60-9, 70-1, 70-2, 90-1, 90-2, 90-3, 90-4, 90-5, 90-6, 90-7, 90-8, 90-9). Similarly, the government's "mapping" chart lists several exhibits in place of former exhibits A5 and A6, both of which the Court excluded. Doc. 741 at 6-7; Ex. A (listing Government Exhibits 3-2, 9-2, 16-2, and 17-2 in place of exhibit A5, and Government Exhibits 10-5, 10-8, 10-10, 10-11, 14-4, 14-5, 14-6, 14-7, 14-8, and 14-9 in place of exhibit A6). The Court should exclude these newly-identified exhibits for the same reasons it excluded former exhibits A5 and A6.

- GX2-1. A single page exhibit that purports to "summarize" seven email exchanges and five phone calls.
- GX3-1. A single page exhibit that purports to "summarize" a press release, one email thread, one text thread, and six phone calls.
- GX4-1. The document purports to "summarize" five emails, sixteen text messages, and thirteen phone calls.
- GX5-1. The document purports to summarize eleven email exchanges and nine phone calls.
- GX7-1. A three page exhibit that purports to "summarize" six email exchanges, eight text messages, and eight phone calls.
- GX8-1. A single page exhibit that purports to "summarize" a single email exchange between two individuals from a single underlying document.
- GX9-1. A single page exhibit that purports to "summarize" a single email exchange, a single text thread, and five phone calls.
- GX10-1. The document purports to "summarize" five email exchanges and twenty-four phone calls.
- GX10-2. A two page document that purports to "summarize" two email exchanges, one text thread, and seven phone calls.
- GX10-3. The document purports to "summarize" two emails, one text message, a calendar invitation, one unidentified document, and nineteen phone calls.
- GX14-1. The document purports to "summarize" seven emails and ten phone calls.

- GX14-2. The document purports to "summarize" six emails, one text thread, and seven phone calls.
- GX14-3. A two page exhibit that purports to "summarize" six email exchanges and five phone calls.
- GX16-1. A single page exhibit that purports to "summarize" two email exchanges, one text message, and two phone calls.
- GX17-1. A single page exhibit that purports to "summarize" a single phone call and a single text thread.
- GX18-1. The document purports to "summarize" five email exchanges, five text messages, one letter, one unidentified document, and ten phone calls.
- GX18-3. The document purports to "summarize" two emails, eleven text messages, and ten phone calls.
- GX20-1. A single page exhibit that purports to "summarize" four email exchanges.

The fact that the discovery record is large does not permit the government to create a potentially endless number of exhibits "summarizing" small portions of that record. Nor can it say that those many "summaries" collectively address voluminous materials. Fed. R. Evid. 1006 ("*a summary*" must "prove the content of *voluminous writings*" (emphasis added)). The government's "summary" exhibits fail the foundational requirements of Rule 1006 and should be excluded on that basis alone.

What is more, many of the underlying documents cited in the exhibits are on their face irrelevant to the "summarized" material, and thus the list of "sources" purportedly being summarized is misleadingly inflated. For example, the government cites many documents in

support of a purported call between Justin Gay and Scott Brady on April 1, 2014, but most of the documents have nothing to do with that call—including an August 2014 email between Mr. Brady and RSCS employees, an email between Mr. Gay and Chick-Fil-A employees, and an email Mr. Brady sent himself weeks later—and clearly are not being summarized in the exhibit as required by Rule 1006. *See* GX3-1 (citing GX313, GX1132, GX6055). Other examples abound. *See, e.g.*, GX4-1 at 1 (citing five underlying documents, including unrelated emails, in support of a single phone call); GX9-1 (citing GX6005—an email not directly related to the conversation at issue—eight times in support of a single text thread); GX10-1 (citing random and clearly irrelevant documents in support of entries, including GX1138 and GX1540); GX17-1 (citing GX1703—an email not directly related to the conversation at issue—eight times in support of a single text thread).

This tactic of citing to "additional" but unsummarized "exhibits from the same time period," Doc. 723 at 10, is also problematic because it effectively argues a relationship between documents akin to a closing argument. That is well beyond the bounds of Rule 1006. *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (improper under Rule 1006 to include "elements of argumentation [that] could very well be the functional equivalent of a mini-summation by the chart's proponent every time the jurors look at it during their deliberations"). And cross examination would not fix the problem because the case agent who will presumably sponsor the "summaries" would not be able to speak to unsummarized materials.

***Failure to Comply with Rule 1006's Summary Requirements***. The Court in its prior order indicated that a "summary by definition will omit certain information" and that being selective in a summary does not alone preclude admission. Doc. 741 at 5. While Defendants

5

acknowledge that summaries naturally condense a larger whole, that condensing must faithfully summarize the content of the specific material at issue before it can be admitted under Rule 1006. Simply excerpting small portions of underlying documents and throwing them together does not satisfy this requirement—much as excerpting this sentence and presenting it to the jury would not faithfully summarize the contents of this motion.

      The Fifth Circuit case cited in the Court's prior order is not to the contrary. The Fifth Circuit in *United States v. Bishop* said a "summary may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing *all the evidence in the case*." 264 F.3d 535, 547 (5th Cir. 2011) (emphasis added). Put differently, a party need not summarize the entire record to satisfy Rule 1006; it can summarize a select but still voluminous set of documents. Once a party undertakes to summarize that select set of voluminous documents, however, "it cannot include only items against the interest of the accused. It must, in other words, be what it purports to be": an accurate summary of the select set of voluminous documents. *Flemister v. United States*, 260 F.2d 513, 517 (5th Cir. 1958) (cited by *Bishop* immediately following the language quoted in the Court's order).

      This comports with the plain language of Rule 1006, which permits summaries to "prove the content of voluminous writings." Fed. R. Evid. 1006. The exhibit should be able to serve "*as a surrogate* for the underlying voluminous records" being summarized. *United States v. Oloyede*, 933 F.3d 302, 310-11 (4th Cir. 2019) (quotation omitted). Accordingly, a proper summary exhibit "must be an objectively accurate summarization of the underlying documents, not a skewed selection of *some* [parts] of the documents to further the proponent's theory of the case." *Id.*; *see Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1468 (10th Cir. 1994) ("[b]efore

submitting summaries or charts for a jury's inspection, . . . [c]are must be taken to insure [the] summaries accurately reflect the contents of the underlying documents" (alterations in original)).

Even assuming the government's proposed summary exhibits addressed voluminous sets of underlying documents, their selective excerpting from that material represents a skewed and improper use of Rule 1006. By excerpting only their preferred portion of a document—sometimes as short as a single sentence from a larger document—the government regularly misleads, omitting information from the document that speaks directly to the meaning of the excerpt. It "is apparent that the government in this case was not using the charts as surrogate evidence" summarizing voluminous material, but rather as a means to spin a narrative regarding a purported "pattern of suspicious activity engaged in by the defendants." *Oloyede*, 933 F.3d at 311. Indeed, the government admits these exhibits are a repackaged *James*-hearing "conspiracy guide," Doc. 670 at 3, and are therefore "simply a tool" to "provid[e] context beyond what is apparent from the statements alone" and to argue a "conspiracy in action," Doc. 358 at 3, 11 (describing "conspiracy guide"). This selective, skewed, and argumentative excerpting is plainly improper under Rule 1006. *Oloyede*, 933 F.3d at 311; *Vasey*, 29 F.3d at 1468; *Flemister*, 260 F.2d at 517. The Court should exclude the exhibits.

***Improper Argumentation***. In addition to the argumentative excerpting discussed above, the government has color coded the exhibits' entries in an attempt to convey meaning, importance, and the government's position to the jury, including the notion that any contact between individuals at different companies is conspiratorial—the government often uses red highlighting on those entries. *See, e.g.*, GX4-1 (highlighting different entries in green, blue, or red). As the Court explained when excluding other proposed summary exhibits, "summaries shall

7

not include any testimonial, interpretive, or inferential statements drawn from the content of the underlying documents." Doc. 741 at 7 (quotation omitted; excluding former exhibit A6). This means the summary exhibits cannot be "embellished" or "annotated," "whether in the form of labels, captions, *highlighting techniques*, or otherwise." *Bray*, 139 F.3d at 1110-11 (emphasis added). The government's argument-through-highlighting requires exclusion.

The "summary" exhibits also contain blatant and consequential errors related to the timing of the purported communications, which the government uses to spin an argumentative timeline to support its narrative. The government not only fails consistently to depict time zones, but also incorrectly states the time of numerous communications. *See, e.g.*, GX20-1 (listing communications at 3:36 PM (without any time zone) even though the underlying document (GX2004) shows other times); GX4-1 (similar). The government also fails to include any times for some purported communications and instead lists them in the government's preferred order. *See, e.g.*, GX18-1 at 1, 3, GX18-3 at 2-3. The exhibits are inaccurate and narrative-driven argument, not faithful summaries of the underlying documents. They are improper under Rule 1006. *Vasey*, 29 F.3d at 1468 (trial court properly required proffering party to establish meaning and accuracy of summary exhibit before showing to jury).

\* \* \* \* \*

For all these reasons, the Court should exclude GX1-1, GX2-1, GX3-1, GX4-1, GX5-1, GX7-1, GX8-1, GX9-1, GX10-1, GX10-2, GX10-3, GX14-1, GX14-2, GX14-3, GX16-1, GX17-1, GX18-1, GX18-3, and GX20-1.


Dated: October 31, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: October 31, 2021

*s/ Michael F. Tubach*

Michael F. Tubach