IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' NOTICE OF AMENDED AND SUPPLEMENTAL WITNESS LIST AND SCHEDULE OF EXHIBITS TO BE INTRODUCED WITHOUT A SPONSORING WITNESS

The government hereby gives notice to the Court that it has amended and supplemented its witness list filed on November 2, 2021 (ECF No. 778). The amended list, filed as Ex. 1 to this Notice, changes the order of witnesses by moving Telly Smith ahead of Michael Ledford, moving Special Agent Matthew Koppenhaver to immediately before Special Agent LaNard Taylor, and adding Rachel Evans, a Department of Justice Paralegal Specialist who will sponsor some or all of the government's summary exhibits.

The estimated times for SA Koppenhaver and SA Taylor have been significantly reduced.

For the convenience of the Court's scheduling, the government also includes, as Exhibit 2 to this filing, a supplemented version of its witness list adding time and volume estimates for the introduction of exhibits outside of sponsoring witnesses. The government has on the date of this filing provided a list of the particular exhibit numbers to defendants, noting that the list may be supplemented on a limited basis.[1] The list includes approximately 150 exhibits that the government intends to introduce and publish to the jury, an approximate 100 of which were conditionally admitted in the Court's *James* ruling. *See* ECF 559. Aside from the documents in this list provided to defense counsel, the government plans to seek introduction of an approximate additional 100 documents that serve as sources in the government's summary exhibits associating individuals with phone numbers and their employers. In response to defendants' statement of their openness to consider stipulation on these issues in court on November 5, the government sent renewed requests for stipulation to defendants on these items on November 7, 2021.[2] If agreement cannot be reached by the parties, the government intends to seek introduction of these exhibits without publication to the

---

[1] On November 6, 2021 the government provided defense counsel with a list of documents to be introduced following the testimony of the next two witnesses: Mr. Smith and Mr. Ledford. On the date of this filing, that list was supplemented to include documents that the government plans to introduce outside of sponsoring witnesses for the remainder of its case-in-chief.

[2] The United States previously sent proposed stipulations on the majority of these items on September 21, and October 6, 2021.

jury—or at the least a ruling as to their *admissibility* such that they may properly underly the government's summary exhibits—after the testimony of Mr. Skalak.

The documents to be introduced outside of sponsoring witnesses for the next several days of trial are as follows:

First, on Monday November 8, 2021, the government intends to offer the exhibits that the Court ruled admissible on Friday, November 5, 2021, except GX 433-47, prior to calling Mr. Smith.

Second, after Mr. Smith is excused, the government intends to offer the below text messages and emails related to Golden Corral negotiations.

| GX # | *James* Log Entry |
|---|---|
| 410[3] | 158 |
| 422 | 160 |
| 424 | 189 |
| 448-449 | 186 |
| 450, 452 | 188 |
| 453 | 176 |
| 498 | 174 |

The Court ruled that each exhibit—or a longer portion of the same email chain—qualifies as a co-conspirator statement under Rule 801(d)(2)(E), ECF No. 559 at 35-36, and as such the government respectfully proposes to handle any objections in front of

---

[3] The top email in GX 410 contains a statement of a non-conspirator customer reacting to a bid submission from a conspirator four minutes after she received it. The customer's statement is: "Wow that is high pricing. I will look it over and get back to you. Thank you." The first part of the statement ("Wow…") is admissible under Rule 803(1) ("Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."). The second part of the statement is admissible under Rule 803(3) ("A statement of thep declarant's then-existing state of mind (such as . . . plan) . . . ."). The entire statement is also admissible for its effect on the listener. The Court ruled that the rest of the email is admissible under Rule 801(d)(2)(E). ECF No. 559 at 35.

3

the jury or at side bar. In addition to those listed in the above chart, government also plans to offer GX 451, a short and entirely sarcastic text message from defendant Lovette to defendant Penn, that was not a *James* log submission because it is not offered for the truth of the matter asserted. GX 451 ("Telly Smith and his crew will pay market price plus the special A-Hole Premium"); *see also Wheeler v. Missouri Hwy. & Transp. Comm'n*, 348 F.3d 744, 753 (8th Cir. 2003) (explaining that "proposed rebuttal testimony regarding the 'other gentleman's sarcastic remark' was not hearsay").

    The government provides the above notice to ensure that the Court and parties can determine an efficient timeline for the consideration of these exhibits and any defense objections to their introduction.

Dated: November 7, 2021

Respectfully submitted,

/s/ Heather D. Call
HEATHER CALL
MICHAEL KOENIG
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
heather.call@usdoj.gov
Attorneys for the United States

4