IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' BRIEF REGARDING GX-901 AND RULE 801(d)(2)(A)

The government respectfully submits this brief regarding GX-901, which is an email by defendant Bill Kantola reporting to his co-conspirator, Joe Grendys (the CEO and owner of Koch Foods), the revenue that Koch Foods should anticipate from price increases for 2015. *See* ECF 559 at 17 (*James* ruling that Mr. Grendys is a co-conspirator). That the Court ruled the government had not met the requirements of 801(d)(2)(E) in its *James* submission does not mean the email is not otherwise relevant under Rule 401 and hence admissible against defendant Kantola under Rule 801(d)(2)(A). The email demonstrates that defendant Kantola was motivated to increase

prices, whether through the charged conspiracy or otherwise. As the government previously explained, there is daylight between relevance under Rule 401 and the "in furtherance" standard under Rule 801(d)(2)(E). GX-901 fits plainly within that space.

## I.  Relevance is the Applicable Standard for Admission under 801(d)(2)(A).

First, the defendants' argument grafts an "in furtherance" requirement onto Rule 801(d)(2)(A) where none exists. The drafters of Rule 801(d)(2)(E) faced two choices. One possibility was to permit the admission of any co-conspirator statement that is "relevant" to the conspiracy, as proposed by the Model Code of Evidence; another was to permit only statements "in furtherance" of the conspiracy. *See United States v. Perez*, 989 F.2d 1574, 1577-78 (10th Cir. 1993). The drafters chose the latter option, and included the "in furtherance" requirement in the text of Rule 801(d)(2)(E). But the text of Rule 801(d)(2)(A) contains no such "in furtherance" language, revealing that relevance under Rule 401 is the only threshold for admissibility.

Indeed, the reasoning for narrowing Rule 801(d)(2)(E) to what is "in furtherance" is unique to the underlying purpose of the rule. That rule is premised on the agency theory of conspiracy, under which "each member of a conspiracy is the agent of each of the other conspirators whenever he is acting—including speaking—to promote the conspiracy (hence the requirement that the statement be in furtherance of the conspiracy)." *Perez*, 989 F.2d at 1577 (internal quotations omitted). In contrast, the admissibility of party-opponent statements under 801(d)(2)(A) "is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." *United States v. Pinalto*, 771 F.2d 457, 459 (10th Cir. 1985) (quoting Fed. R. Evid. 801 Notes

of Advisory Committee on Proposed Rules). "[T]he freedom which [statements under Rule 801(d)(2)(A)] have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance . . . when taken with the apparently prevalent satisfaction with the results, calls for a *generous* treatment of this avenue of admissibility." *Id.* (emphasis in original).

As a result, courts routinely admit a defendant's statement against him/her under Rule 801(d)(2)(A), as long as the statements are relevant under Rule 401—even if the statements were not made in furtherance of the conspiracy. For example, in *United States v. Flores*, the Fifth Circuit rejected the same argument that the defendants make here: "Garza [a defendant] next argues that both his and [a co-conspirator's] statements were inadmissible hearsay because they were not made in furtherance of the conspiracy. This argument is entirely meritless, because Garza's statements were admissible not as co-conspirator statements but as the admissions of a party-opponent." 63 F.3d 1342, 1358 (5th Cir. 1995). *See also United States v. Weller*, No. 17 CR 643-6, 2019 WL 3557228, at *3 (N.D. Ill. July 30, 2019) ("His own statements, even if seen as post-conspiracy [and not in furtherance], are nonetheless relevant statements of an opposing party that the government appropriately could introduce under Federal Rule of Evidence 801(d)(2)(A) and thus were not hearsay.").

Under Rule 801(d)(2)(A), therefore, a defendant's statement needs only to be "offered against an opposing party," "made by the party," and, as with all other types of evidence, relevant to issues in the case under Rule 401 without being unduly

prejudicial.¹ *See United States v. Cunningham*, 679 F.3d 355, 383 (6th Cir. 2012) ("the defendants' admissions . . . were relevant to the case and admissible as a party's own statement under Rule 801(d)(2)(A)," "[s]o the only possible barrier to admissibility is Rule 403"); *United States v. Rubio-Villareal*, 927 F.2d 1495, 1504 (9th Cir. 1991), *on reh'g*, 967 F.2d 294 (9th Cir. 1992) (statement is admissible under Rule 801(d)(2)(A) because "[t]his evidence was relevant to the charges of conspiracy"); *United States v. Lin*, 505 F. App'x 10, 13 (2d Cir. 2012) ("The question under Rule 801(d)(2)(A) is simply whether the District Court abused its discretion in finding that the statements were not hearsay because they were made by a party opponent and offered against the opposing party"); *United States v. Rodriguez-Landa*, 2019 WL 653853, at *6 (C.D. Cal. Feb. 13, 2019) (admitting statements under 801(d)(2)(A) as "relevant to the relationships between the individuals in the charged conspiracy, as well as to Apodaca's knowledge of the alleged offenses").

And there are myriad ways in which evidence can be relevant under Rule 401. *See United States v. Tenorio*, 312 F. App'x 122, 128 (10th Cir. 2009) (describing the "definition of relevance in our evidentiary system" as "broad"). Evidence can be relevant

---

¹ GX-1144 and other exhibits the government will offer are admissible for similar reasons. For example, GX-1144 comprises three emails, two of which are written by defendant Brian Roberts. His two emails are admissible against him because they are his statements, and because they are relevant to showing his approach and intent with regard to the negotiations. The other email in the exhibit is Rich Eddington's (RSCS) response to defendant Roberts' initial message. Eddington's question—"Are you trying to get me fired?"—is offered not for the truth, but rather for the non-truth purposes of (a) context for understanding Roberts' two messages, and (b) for the effect on Roberts, who forwarded Eddington's message to others at Tyson with instructions to "[s]tart preparing a response." All the statements are relevant and involve negotiations in August 2014—a key time period in the government's charged conspiracy.

if it links a defendant to a co-conspirator, connects a defendant to the charged conspiracy, provides a defendant with motive, or shows intent or knowledge, among other examples. *See United States v. Boos*, 166 F.3d 1222 (10th Cir. 1999); *United States v. Gossett*, No. 1:19-CR-00081 WJ, 2019 WL 2006414, at *2 (D.N.M. May 7, 2019).

### II.  801(d)(2)(A) Applies to Any "Statement" Offered Against an Opposing Party.

Second, contrary to the defendants' argument, Rule 801(d)(2)(A) applies to a defendant's "statement" and is not limited to a defendant's "admission." In 2011, the drafters of the Federal Rules of Evidence replaced the term "admission" with "statement." As explained in *United States v. DeLeon*, "[t]his replacement was purposeful: '. . . not all statements covered by the exclusion are admissions in the colloquial sense—a statement can be within the exclusion even if it "admitted" nothing and was not against the party's interest when made.'" 406 F. Supp. 3d 1129, 1163 n.15 (D.N.M. 2019) (quoting Fed. R. Evid. 801 Notes of Advisory Committee on 2011 Amendment). The term "admission" was removed precisely to avoid the confusion that the defendants now perpetuate. *See* Tr. Transcript (Nov. 5, 2021) at 196-97 (Counsel for Mr. Lovette arguing it is "unclear . . . what [a statement] would be an admission of if it's not in furtherance of the conspiracy").[2]

---

[2] Counsel for defendant Lovette raises this argument on behalf of defendant Kantola. The government does not concede that defendant Lovette has standing to object with regard to a determination that affects a different defendant.

5

### III. GX-901 is Admissible Against Defendant Kantola Under 801(d)(2)(A).

For the reasons above, GX-901 meets all the requirements for admission under 801(d)(2)(A). It is clearly a statement (or set of statements) that defendant Kantola made. The statements are highly relevant to understanding defendant Kantola's role, as well as his motive. In GX-901, defendant Kantola provided Mr. Grendys with "Price Increase Info" for 2014, and takes credit for what "you and I achieved so far on the accounts." Further in the message, defendant Kantola tabulates the magnitude of price increases for several customers, including a $15.6 million increase to KFC. That motive is relevant appears to be conceded by defendant Kantola—it was part of the basis for his opening statement. *See* Tr. Transcript (Oct. 27, 2021) at 66 (Counsel explaining in opening statement that defendant Kantola "had no motive . . . to enter into a price-fixing agreement.").

Moreover, the government is offering the exhibit against only defendant Kantola and proposes the following limiting instruction to prevent its consideration against any of the other defendants:[3]

> Some of the statements in the exhibits available to you are admitted only against a specific defendant. As I instructed you at those times, you can consider those particular exhibits against only the specific defendant I instructed. You can use the evidence as part of deciding whether the government has proven that particular defendant guilty. You cannot

---

[3] *See* Jury Instruction Jury Instruction No. 48, *United States v. Norwood*, No. 4:12-cr-20287-MAG-MJH (E.D. Mich. July 22, 2014), ECF 953. The government proposes a similar limiting instruction with regard to the other statements it will seek to offer under 801(d)(2)(A), including for GX-1144. The limiting instructions will not be difficult to track, as the defendants argue, *see* Tr. Transcript (Nov. 5, 2021) at 196; all that is required is to track which statements are admitted under 801(d)(2)(A).

consider it in any way against any of the other defendants.

Specifically, the statements in GX-901 should be considered against only the declarant, Mr. Kantola, and none of the other defendants.

The government therefore respectfully requests that the Court overrule the defendants' objection.

Dated: November 7, 2021          Respectfully submitted,

*/s/ Yixi (Cecilia) Cheng*
YIXI (CECILIA) CHENG
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
Washington D.C. 20530
Tel: (202) 705-8342
yixi.cheng@usdoj.gov
Attorneys for the United States