# Exhibit D

# NOVEMBER 5, 2021 EMAIL

| | |
|---|---|
| **From:** | Jim McLoughlin |
| **Sent:** | Friday, November 5, 2021 1:17 AM |
| **To:** | Koenig, Michael (ATR); Sweeney, Carolyn (ATR); Butte, Laura (ATR); Torzilli, Paul (ATR); Cheng, Cecilia (ATR); Rogowski, Jillian (ATR); Anna Pletcher (apletcher@omm.com); bpollack@robbinsrussell.com; Brian Quinn (bquinn@omm.com); Call, Heather (ATR); Caroline Rivera; Christopher Plumlee; Craig Gillen; David Beller; Dennis Canty; Elizabeth Prewitt; Frank Schall; J Ettinger; James Backstrom (jabber@backstromlaw.com); Jamie Hubbard; Jennifer Derwin; John Fagg; Julie Withers; Laura Carwile; Lavine, Bryan B.; Marci G. LaBranche; Mark A. Byrne (markbyrne@byrnenixon.com); Megan Havstad; megan.rahman@troutman.com; mfeldberg@reichmanjorgensen.com; Michael Tubach (mtubach@omm.com); Rick Kornfeld (rick@rklawpc.com); Robert Tegtmeier; Roxann Henry; Wendy Johnson |
| **Cc:** | Catherine Prater; Katherine McDiarmid |
| **Subject:** | Re: USA v. Penn -- |

Michael, Thank you for the prompt response.

Finally, we are still waiting for the requested information on agent text messages, including other messages, the date the government learned of their existence, and the date they were copied from the agents' phones, but you know that too.

Regards,

Jim

Jim

# OCTOBER 31, 2021 EMAIL

| | |
|---|---|
| **From:** | Jim McLoughlin |
| **Sent:** | Sunday, October 31, 2021 8:08 PM |
| **To:** | Butte, Laura (ATR); Tubach, Michael; Rick Kornfeld; Pletcher, Anna T.; Quinn, Brian P.; Lavine, Bryan B.; David Beller; Rahman, Megan C.; mfeldberg@reichmanjorgensen.com; Julie Withers   (julie@jwitherslaw.com); lcarwile@reichmanjorgensen.com; Elizabeth.Prewitt@lw.com; Caroline.Rivera@lw.com; John Fagg; jabber@backstromlaw.com; cgillen@gwllawfirm.com; Mark Byrne; jenniferderwin@byrnenixon.com; bpollack@robbinsrussell.com; wjohnson@rmp.law; denniscanty@byrnenixon.com; henry.roxann@me.com; Frank Schall; Fielding Huseth; Roxann Henry; Kaitlin Price |
| **Cc:** | Koenig, Michael (ATR); Call, Heather (ATR); Sweeney, Carolyn (ATR); Torzilli, Paul (ATR); Rogowski, Jillian (ATR); Cheng, Cecilia (ATR) |
| **Subject:** | Re: US v. Penn, et al. - Production |

Dear Counsel,

Thank you for this production; I write on behalf of certain defendants to follow-up on my email of October 28 regarding the government's *Brady* obligations, including delays providing text messages exchanged among government investigating agents and others. Having reviewed the government's position with the Court that no text messages among agents are *Brady* material, defendants reiterate their view that certain of the text messages produced to date are *Brady* material. However, the government's representation to the Court that none of the texts is *Brady* material causes us concern that the government's view of what is *Brady* material, which includes impeachment, and a resulting failure to disclose *Brady* material, will cause significant harm to the defendants' ability to defend this case.

Further to the government's filing with the Court, you propose an *in camera* review by the Court. If your reference to "*in camera*" review is meant to reflect a submission of texts already produced to defendants (including this most recent production) that is restricted from the public access, we reserve our response at this time. If your reference to "*in camera*" means there are text messages that have not yet been produced to the defendants and that you propose to submit to the Court, we object and request immediate notice whether text or other communications exist that you have not produced and separately request production on any such text messages or other communications.

While the defendants continue to analyze the texts and have not yet had an opportunity to review the latest production, it does appear that processing of at least some of the texts was conducted in April of this year and a subset produced to defendants in August, but in August the government omitted critical texts. Please let us know prior to the opening of court on Monday the following information as well as any other information available to you on this subject:

- When were the produced text messages extracted from the case agents' devices?
- Why is it that not all of the messages were produced in August of this year or before?
- After this production, are there any other messages that have not been produced? If yes, when will they be produced to the defendants? And, why have they not been produced to date?
- When can we expect to receive the metadata from all the agents' texts produced to date and those we have requested?
- Some texts make reference to a reprimand—when will complete information about any such reprimand, or any review to determine whether a reprimand should be issued, be provided to defendants?

Of course, our request of October 28 for all other *Brady* material is unresolved and we request your prompt response.

Regards,

Jim

---

**From:** "Butte, Laura (ATR)" <Laura.Butte@usdoj.gov>
**Date:** Sunday, October 31, 2021 at 5:45 PM
**To:** Jim McLoughlin <jimmcloughlin@mvalaw.com>, Michael Tubach <mtubach@omm.com>, Rick Kornfeld <rick@rklawpc.com>, "Pletcher, Anna T." <apletcher@omm.com>, "Quinn, Brian P." <bquinn@omm.com>, "Lavine, Bryan B." <bryan.lavine@troutman.com>, David Beller <david@rklawpc.com>, "Rahman, Megan C." <megan.rahman@troutman.com>, "mfeldberg@reichmanjorgensen.com" <mfeldberg@REICHMANJORGENSEN.COM>, "Julie Withers (julie@jwitherslaw.com)" <julie@jwitherslaw.com>, "lcarwile@reichmanjorgensen.com" <lcarwile@reichmanjorgensen.com>, Elizabeth Prewitt <Elizabeth.Prewitt@lw.com>, "Caroline.Rivera@lw.com" <Caroline.Rivera@lw.com>, John Fagg <johnfagg@mvalaw.com>, "jabber@backstromlaw.com" <jabber@backstromlaw.com>, "cgillen@gwllawfirm.com" <cgillen@gwllawfirm.com>, Mark Byrne <markbyrne@byrnenixon.com>, "jenniferderwin@byrnenixon.com" <jenniferderwin@byrnenixon.com>, "bpollack@robbinsrussell.com" <bpollack@robbinsrussell.com>, "wjohnson@rmp.law" <wjohnson@rmp.law>, "denniscanty@byrnenixon.com" <denniscanty@byrnenixon.com>, "henry.roxann@me.com" <henry.roxann@me.com>, Frank Schall <frankschall@mvalaw.com>, Fielding Huseth <fieldinghuseth@mvalaw.com>, Roxann Henry <henry.roxann@me.com>, Kaitlin Price <kaitlinprice@mvalaw.com>
**Cc:** "Koenig, Michael (ATR)" <Michael.Koenig@usdoj.gov>, "Call, Heather (ATR)" <Heather.Call@usdoj.gov>, "Sweeney, Carolyn (ATR)" <Carolyn.Sweeney@usdoj.gov>, "Torzilli, Paul (ATR)" <Paul.Torzilli@usdoj.gov>, "Rogowski, Jillian (ATR)" <Jillian.Rogowski@usdoj.gov>, "Cheng, Cecilia (ATR)" <Yixi.Cheng@usdoj.gov>
**Subject:** US v. Penn, et al. - Production

**EXTERNAL EMAIL - USE CAUTION**

Counsel,

Please see the attached production correspondence as well as a production of text messages and interview notes.

Thank you,
Laura


**Laura J. Butte**
*Trial Attorney*
U.S. Dept. of Justice, Antitrust Division
Washington Criminal II Section
450 5th Street NW
Washington DC 20530
Direct:  202-598-6080
Cell:  202-431-6619
Email:  laura.butte@usdoj.gov

2

# OCTOBER 28, 2021 EMAIL EXCHANGE

| | |
|---|---|
| **From:** | Jim McLoughlin |
| **Sent:** | Thursday, October 28, 2021 12:24 PM |
| **To:** | Cheng, Cecilia (ATR); Kaitlin Price; Tubach, Michael; Rick Kornfeld; Pletcher, Anna T.; Quinn, Brian P.; Lavine, Bryan B.; David Beller; Rahman, Megan C.; mfeldberg@reichmanjorgensen.com; Julie Withers   (julie@jwitherslaw.com); lcarwile@reichmanjorgensen.com; Elizabeth.Prewitt@lw.com; Caroline.Rivera@lw.com; John Fagg; jabber@backstromlaw.com; cgillen@gwllawfirm.com; Mark Byrne; jenniferderwin@byrnenixon.com; bpollack@robbinsrussell.com; wjohnson@rmp.law; denniscanty@byrnenixon.com; henry.roxann@me.com; Frank Schall; Fielding Huseth; Roxann Henry |
| **Cc:** | Koenig, Michael (ATR); Sweeney, Carolyn (ATR); Torzilli, Paul (ATR); Rogowski, Jillian (ATR); Butte, Laura (ATR); Call, Heather (ATR) |
| **Subject:** | Re: U.S. v. Penn, et al. - Production |

Dear Counsel,

On behalf of the defendants I write regarding the government's *Brady* obligations. In court Tuesday, October 26, the government indicated it had met its obligation to identify and produce all *Brady* material.  The law requires the government to identify and to produce all *Brady* material known to the government and to do so timely, and not merely produce voluminous documents known by the government to contain *Brady* material without the identification of, the *Brady* material contained therein and a general reference the production may include *Brady* material.  *United States v. King*, 2021 U.S. Dist. LEXIS 185189 (D. Col. September 28, 2021) (citing *United States v. Padilla*, 2011 U.S. Dist. LEXIS 31091 at *7 (D. N.M. March 14, 2011); *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989).

First, our records do not indicate the government has met its obligation to identify *Brady* documents among the tens of millions of pages; instead, the government has produced massive document productions accompanied by the general statement that the documents *may* contain *Brady* material. "A prosecutor must disclose information of which it has knowledge and access."  That is not sufficient under the law.

Further, it appears the government has failed to produce significant *Brady* material timely.  The government is obligated to turn over *Brady* material, including impeachment material, in sufficient time for the defendants to digest and to use that material. Controlling Tenth Circuit precedent holds that "[i]t would eviscerate the purpose of the *Brady* rule and encourage gamesmanship were we to allow the government to postpone disclosures to the last minute, during trial." *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009). "[T]he belated disclosure of impeachment or exculpatory information favorable to the accused violates due process when an 'earlier disclosure would have created a reasonable doubt of guilt.'" *Id.*, 571 F.3d at 1054. For example, the text messages, apparently between agents Taylor and Koppenhaver, some of which the government appears to have produced under cover of its October 21 production letter, four days before trial, and some under cover of an October 6 production letter just a few weeks before trial,[1] predate the September 2 and 8, 2021 *James* hearings and provide significant impeachment material regarding S.A. Taylor as well as S.A. Koppenhaver that should have been produced prior to that hearing. These documents include material impeachment evidence relating to statements made by S.A. Taylor at the *James* hearings and may call into question the very foundation of the Court's rulings on the government's *James* proffers.

Further, the tone and frequency of the text messages and the information produced suggest that not all relevant *Brady* material has been provided with respect to these text messages. We believe the texts produced to date are not the entirety of their impeachment-worthy text messages and, critically, the metadata for the texts was not provided. It appears the government merely made a photo of the messages and produced that photos. We request the immediate production of all of the case agents' text messages with one another, with other persons involved in the investigation, and with any other person when the message relates in any way to the investigation. Further, we request these

1

messages and any future productions include the metadata for those messages. We request also an explanation why this obviously *Brady* material was not produced far earlier than the days immediately before the trial and particularly why they were not produced in advance of the *James* hearing when the government has dumped a mountain of chaff on defendants in the interim.

Finally, please immediately provide us with a list of and copies of the documents of which the government has knowledge are *Brady* material with respect to each of the individual defendants; because, of course, the government has the continuing obligation to identify *Brady* material as to each individual defendant, not merely "the defendants." This includes all such evidence related to any witness.

Defendants reserve all rights with respect to the Government's failure to timely fulfill its obligations under *Brady*, the Jencks Act and Rule 16.

Regards,

Jim McLoughlin

---

**From:** "Cheng, Cecilia (ATR)" <Yixi.Cheng@usdoj.gov>
**Date:** Wednesday, October 27, 2021 at 9:29 AM
**To:** Kaitlin Price <kaitlinprice@mvalaw.com>, Jim McLoughlin <jimmcloughlin@mvalaw.com>, Michael Tubach <mtubach@omm.com>, Rick Kornfeld <rick@rklawpc.com>, "Pletcher, Anna T." <apletcher@omm.com>, "Quinn, Brian P." <bquinn@omm.com>, "Lavine, Bryan B." <bryan.lavine@troutman.com>, David Beller <david@rklawpc.com>, "Rahman, Megan C." <megan.rahman@troutman.com>, "mfeldberg@reichmanjorgensen.com" <mfeldberg@REICHMANJORGENSEN.COM>, "Julie Withers (julie@jwitherslaw.com)" <julie@jwitherslaw.com>, "lcarwile@reichmanjorgensen.com" <lcarwile@reichmanjorgensen.com>, Elizabeth Prewitt <Elizabeth.Prewitt@lw.com>, "Caroline.Rivera@lw.com" <Caroline.Rivera@lw.com>, John Fagg <johnfagg@mvalaw.com>, "jabber@backstromlaw.com" <jabber@backstromlaw.com>, "cgillen@gwllawfirm.com" <cgillen@gwllawfirm.com>, Mark Byrne <markbyrne@byrnenixon.com>, "jenniferderwin@byrnenixon.com" <jenniferderwin@byrnenixon.com>, "bpollack@robbinsrussell.com" <bpollack@robbinsrussell.com>, "wjohnson@rmp.law" <wjohnson@rmp.law>, "denniscanty@byrnenixon.com" <denniscanty@byrnenixon.com>, "henry.roxann@me.com" <henry.roxann@me.com>, Frank Schall <frankschall@mvalaw.com>, Fielding Huseth <fieldinghuseth@mvalaw.com>, Roxann Henry <henry.roxann@me.com>
**Cc:** "Koenig, Michael (ATR)" <Michael.Koenig@usdoj.gov>, "Sweeney, Carolyn (ATR)" <Carolyn.Sweeney@usdoj.gov>, "Torzilli, Paul (ATR)" <Paul.Torzilli@usdoj.gov>, "Rogowski, Jillian (ATR)" <Jillian.Rogowski@usdoj.gov>, "Butte, Laura (ATR)" <Laura.Butte@usdoj.gov>, "Call, Heather (ATR)" <Heather.Call@usdoj.gov>
**Subject:** U.S. v. Penn, et al. - Production

**EXTERNAL EMAIL - USE CAUTION**

Counsel,

Please see the attached production letter.

Best,

Cecilia

Attorney
U.S. Dept. of Justice, Antitrust Division
(202) 705-8342

---

[1] Due to the delay in the government's production combined with its failure to identify these messages as *Brady* material we are still in the process of going back to get clarity on the dates of production for each message.

3