IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00152-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

   Defendants.

**DEFENDANTS' MOTION TO EXCLUDE
ANY REFERENCE TO CONFIDENTIALITY AGREEMENTS**

1

Defendants, by and through counsel, respectfully move to exclude evidence of confidentiality agreements. It appears that the Government intends to seek testimony and offer into evidence confidentiality agreements and non-disclosure agreements between certain buyers and suppliers, including during the upcoming testimony of Joseph Brink and Melissa Hoyt. Defendants respectfully request that such evidence not be admitted.

The Government intends to call Mr. Brink and Ms. Hoyt. Mr. Brink is the chief procurement officer, and previously he was the vice president of purchasing, for Fiesta Restaurant Group, Inc. In those roles, he was responsible for negotiating with chicken suppliers for the purchase of broiler chicken products for Pollo Tropical restaurants. Ms. Hoyt is the senior director of sourcing for Sysco.

On November 6 and 7, 2021, the Government sent counsel for Defendants a list of exhibits the Government anticipates offering during the testimony of Mr. Brink and Ms. Hoyt. The exhibit list for Mr. Brink includes GX9698, a confidentiality agreement with Pilgrim's Pride dated July 16, 2015, and GX9699, a confidentiality agreement with Claxton dated November 5, 2009. The exhibit list for Ms. Hoyt includes GX860, a supplier confidentiality and non-disclosure agreement between Baugh Supply Chain Cooperative, Inc. and Koch Foods dated February 11, 2009, and GX862, a supplier confidentiality and non-disclosure agreement between Baugh Supply Chain Cooperative, Inc. and Pilgrim's Pride dated February 4, 2009. During interviews with the government, both witnesses suggested confidentiality agreements prohibited the suppliers from communicating with one another regarding pricing and terms.

Any evidence of the confidentiality agreements between the suppliers and the buyers, and any suggestion in testimony that suppliers violated the agreements from witnesses who have no

2

personal knowledge of the conduct at issue, is first, opinion testimony inadmissible under Federal Rule of Evidence 701. Without personal knowledge of the compliance or non-compliance of any of the Defendants with the provisions in question, the witness can only offer an opinion that is purely hypothetical. As such the testimony fails under Rule 701: the testimony is not based upon the witness' perception of the event (since each has none) failing subsection 701(a); the testimony is not helpful to determine a fact in issue—a violation of Section 1 of the Sherman Act, as to which a commercial confidentiality agreement is not an element, and thereby fails under subsection 701(b); and is properly based upon "other specialized knowledge within the scope of Rule 702", thereby failing under Rule 701(c). This lay opinion of an alleged breach is offered without knowledge of the facts, without legal training, without an analysis of the enforceability of the provision under the relevant State's law, and without evidence that each of the Defendants was knowledgeable about the confidentiality provision at the relevant time.  *See*, *e.g.*, *Karpf v. Mass. Mut. Life. Ins. Co*, 2019 U.S. Dist. LEXIS 19209 (D. Mass. February 6, 2019) (excluding lay opinion testimony of a breach of duty "that is not based on personal or first-hand knowledge or other proper evidentiary foundation" and prohibiting testimony offering "unfounded speculation and opinion").

      Second, such testimony is irrelevant under Federal Rule of Evidence 401. Even if relevant, it should be excluded under Federal Rule of Evidence 403. Fed. R. Evid. 403 (providing for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  In addition, such testimony would constitute 404(b) evidence of other wrongs or acts that has not been noticed by the Government.

*See* Fed. R. Evid. 404(b)(3) (requiring notice of other wrongs or acts evidence).

The question before the jury is whether Defendants entered a conspiracy to fix prices or rig bids for the sale of broiler chicken products. Evidence regarding confidentiality agreements is irrelevant to this question, and will lead to confusion and prejudice, for at least four reasons.

*First*, the agreements are remote in time from the allegations at issue here. With respect to Pollo Tropical, the latest alleged conspiratorial acts surround the 2014 negotiations for the 2015 contract year. The confidentiality agreement between Pollo Tropical and Pilgrim's Pride was not executed until July 16, 2015, well after the relevant negotiations were concluded. The confidentiality agreement between Pollo Tropical and Claxton is dated November 5, 2009, and the agreements between Baugh Supply Chain Cooperative, Inc. and Koch and Pilgrim's Pride are dated February 2009. These pre-date the alleged period of the conspiracy by at least two years, and pre-date the alleged Sysco episode in the indictment by seven years.

*Second*, admission of this evidence would require Defendants to respond, which will lead to a mini-trial on the interpretation and enforceability of the confidentiality agreements and whether they were in fact breached by any of the alleged conduct of the Defendants. For example, the Pollo Tropical confidentiality agreements do not apply to pricing information. They are non-disclosure agreements, designed to protect proprietary and trade secret information "disclosed," "made available" or "provided" to the "non-disclosing party" suppliers by the disclosing party buyers. *See* GX9698 ¶1.3, GX9699 ¶1.3. The agreement with Pilgrim's Pride specifically carves out information "known to" or "developed by the receiving party" suppliers independent of the buyer. *See*, GX9698 ¶1.4(iii), (iv). Pricing information traveled in the other direction. Pricing was known to, developed by, and owned by the suppliers. It was provided to

4

buyers without transfer of ownership or control of that information, and thus, the agreements do not apply to a supplier sharing information about its pricing. The agreements with Baugh Supply Chain Cooperative, Inc. contain similar provisions. *See*, GX860 ¶1, GX862 ¶1.

*Third*, the confidentiality agreements are civil contracts between the supplier and buyer. Any breach of such agreements (if a breach occurred) has a civil remedy and should not be litigated in this case.

*Fourth*, a breach of the confidentiality agreements (even if such occurred) is not a violation of the Sherman Act, and related evidence will confuse and mislead the jury regarding the elements of the crime at issue in this case, resulting in unfair prejudice to Defendants. Defendants previously moved to exclude evidence of corporate compliance policies and codes of conduct in part because a jury could wrongly conflate the internal guidelines, and the suggestion that Defendants failed to comply with them, with proof that Defendants violated the Sherman Act. (Dkt. #527.) The Court granted the motion noting "those are not standards by which the jury will need to assess the charge in this case." (Dkt. #603 at 6-7.) Similarly, if Mr. Brink or Ms. Hoyt testify the confidentiality agreements forbid suppliers from discussing Pollo Tropical and Sysco-related information and that in their opinion the Defendants violated those agreements, it could lead the jury to conflate a breach of contract with a violation of the Sherman Act. It is clear from Ms. Hoyt's November 8, 2021 interview that she intends to testify that she believes sharing of pricing terms is "against code of conduct / conf. agreement/ NDA." This conclusory and prejudicial testimony is of the same nature that the Court has previously excluded. Any probative value of Mr. Brink's or Ms. Hoyt's testimony should be based on whether the Defendants performed a certain act, not the witnesses' legal conclusions of any

5

alleged act. Even if there was some probative value offered by the evidence, it would be substantially outweighed by its potential for unfair prejudice and it should be excluded.

The Court has permitted prior witnesses to testify that in their personal opinion sharing of what they deem to be "proprietary" information is "wrong" or "immoral". This proposed testimony is distinguishable in that it calls for a legal conclusion that is proper only under Rule 702 and will require cross-examination on their qualifications, factual basis, and legal analysis of the relevant contract that qualifies them to offer the legal opinion. In this regard, it is worth noting Robert Lewis, having testified on direct that sharing of information was immoral, had to admit on cross-examination the information belonged to the supplier—thus it is not the proprietary property owned by the buyer.

For the foregoing reasons, Defendants respectfully request that the Court exclude any evidence of confidentiality agreements, including GX860, GX862, GX9698, GX9699, and any testimony related the agreements or any purported breach by the Defendants.

Dated:  November 10, 2021        Respectfully submitted,

*s/ John A. Fagg, Jr.*  
John A. Fagg, Jr.  
MOORE & VAN ALLEN PLLC  
Attorney for William Wade Lovette  
100 North Tryon Street, Suite 4700  
Charlotte, NC 28202  
(704) 331-3622  
johnfagg@mvalaw.com  

*s/ Michael F. Tubach*  
Michael F. Tubach  
O'MELVENY & MYERS LLP  
Attorney for Jayson Jeffrey Penn  
Two Embarcadero Center, 28th Floor  
San Francisco, California 94111-3823  
(415) 984-8700  
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all parties of record.

          /s/ Mark A. Byrne
          Mark A. Byrne