IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## DEFENDANTS FRIES' AND BRADY'S RESPONSE TO UNITED STATES' MOTION TO EXCLUDE SEQUESTERED DOCUMENTS

Defendant, Mikell Fries and Scott Brady, by and through their respective counsel, hereby file this Response to the United States' Motion to Exclude Sequestered Documents (Doc. 831) (hereinafter the "Motion"):

In the Motion, the United States alleges, without any factual support or inquiry of undersigned counsel, that counsel for Defendants Fries and Brady pursued a path to circumvent Rule 16 by employing "gamesmanship" to force the government to release Pollo Tropical documents the government obtained as a party to related civil litigation pending in the Northern District of Illinois, *In Re Broiler Chickens Antitrust Litigation,* 16-CV-8637, before Judge

1

Thomas Durkin. The Government complains that the decision by Claxton's counsel to seek to have certain confidential documents released from the protective order in the civil case is effectively an end-around the criminal discovery rules, as well as Rule 17.

As a preliminary matter, the government's baseless allegations that counsel for Defendants Fries and Brady effectively conspired and colluded with counsel for Claxton to have these documents released and available in the criminal case are without support, merit or fact. Had the government taken the time to reach out to undersigned counsel before accusing them of allegedly unethical conduct, the government would have discovered that its allegations of improper conduct in a public pleading are categorically false. The government's refusal to confer with counsel prior to its Saturday evening filing not only was unprofessional and discourteous, but also fell short of the traditions and practice standards employed and enjoyed by criminal practitioners in this District.

Moreover, it is the government, not defense counsel or counsel for Claxton, who is engaging in gamesmanship when it comes to the Pollo Tropical documents that are pertinent to government witness Joseph Brink. The government has provided only *twelve* Pollo Tropical documents in a case with more than 15 million documents in discovery. It is evident from the Bates numbers of these documents that they are part of a large production in *In re Broiler Chicken Antitrust Litigation*, 16 C 8637, N.D. Ill (*Broilers*)..

In a series of emails, the government confirmed that these twelve documents are the only Pollo Tropical documents it has related to "this matter." At the same time, the government is and was aware of voluminous other Pollo Tropical documents produced in *Broilers*, since the government is itself a party to that litigation. While the government apparently did not subpoena or request the entire Pollo Tropical civil production, it clearly is aware of that production.

2

Further, the government in this criminal case has not been shy about requesting, and subsequently producing to defendants, voluminous civil discovery from *Broilers*. One can only wonder why the government did not see fit to formally request the Pollo Tropical production from Pollo, which is directly relevant to an alleged episode of bid rigging and price fixing the government wishes to put before the jury through witness Joseph Brink in the coming week.

Finally, there is nothing wrong with counsel for Claxton seeking relief from Judge Durkin, with proper notice to the government, to allow certain pertinent documents to be produced in the instant criminal case. Counsel for Claxton plants to do so imminently. The government is not, nor should it be, the sole arbiter of what is and is not relevant to the case, the defense and, ultimately, the jury.

For the foregoing reasons, this Court should deny the relief the government seeks in its Motion.

Respectfully submitted this 14th day of November 2021,

<div style="margin-left:3em;">

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com


*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*
Erin Holweger