# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

      Defendants.

---

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION PURSUANT TO RULE 17(C) FOR COURT ORDER AUTHORIZING SUBPOENAS DUCES TECUM TO PRODUCE DOCUMENTARY EVIDENCE IN ADVANCE OF TRIAL

---

The government respectfully requests that the Court deny the defendants' motion seeking a court order authorizing Rule 17(c) document subpoenas to RSCS, KFC/YUM!, Golden Corral, and Church's, ECF No. 967, because the defendants fail to satisfy the necessary requirements of *United States v. Nixon*, 418 U.S. 683 (1974). *See* ECF No. 315 at 2 (citing *United States Boender*, 2010 WL 1912425, at *2 (N.D. Ill. May 12, 2010); *cf. United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006)).

Under *Nixon*, the party seeking to serve Rule 17(c) subpoenas bears the burden of establishing:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). As discussed below, the defendants have not made the requisite showing:

### I.      Defendants' Subpoenas Are Not Specific

Defendants cannot establish that their proposed subpoenas are crafted "to secure for trial certain documents or sharply defined groups of documents," as Rule 17(c) requires. *United States v. Minh Hoang*, 2020 WL 262985, at *2 (D. Utah Jan. 17, 2020); *see United States v. Morris*, 287 F.3d 985 (10th Cir. 2002). Under *Nixon*, the party seeking the Rule 17(c) subpoena must "identify the item sought and what the item contains, among other things"—and must be able to verify "whether the requested material even exists." *Morris*, 287 F.3d at 991.

But rather than seeking specific documents they know exist, the defendants' subpoenas almost entirely request broad swaths of documents. They should be rejected on that ground, with the exception of Request 1 in the proposed subpoena to RSCS. *See* Dkt. 315 at 3 (denying defendants' earlier requests for Rule 17(c) subpoenas for documents the defendants do not know exist) (citing *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely

hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."). Each of the four subpoenas suffers from the same fatal deficiency:

- **RSCS** – the subpoena contains four requests, only the first of which is appropriately specific (seeking board minutes for a specified meeting). The other three requests are impermissibly broad, seeking "documents sufficient to show" (2 and 4) or "documents related to" categories of information. Dkt. 967.2 at 8.

- **KFC/YUM!** – the subpoena contains six requests, all calling for "DOCUMENTS sufficient to show" a category of information, such as KFC's total costs, profits, margins, and number of franchise restaurants opened and closed, during the eight-year conspiracy period. Dkt. 967.3 at 5.

- **Golden Corral** – the subpoena contains six requests, each listing a broad category of a type of document and/or communications, *e.g.*, "communications between YOU and any CHICKEN SUPPLIER relating to WINGS," with a temporal limitation as the only qualifier, Dkt. 967.4 at 10.

- **Church's** – the subpoena contains six requests for "[a]ll email communications between Dean Bradley and any other person related to" conduct charged in the indictment. Dkt. 967.5 at 5.

Perhaps cognizant of the Court's prior ruling that their earlier Rule 17(c) subpoenas for "all" documents were "part of an improper fishing expedition," the defendants have omitted "all" from the enumerated requests in the RSCS, KFC/YUM!, and Golden Corral subpoenas (though not from Church's). Dkt. 315 at 3 (citing *United States v. Castro-Motta*, 11-cr-00033-REB, 2012 WL 340828, at *3 (D. Colo. Aug. 15, 2012) ("Far from requesting specifically identified documents, the subpoenas here rely

on the broadest and most general of terms, e.g., "any," "all," and "other documents.").

But requesting "documents relating to" rather than "all documents relating to" is merely a

semantic difference that does not solve the infirmity—particularly given that the

instructions for all four subpoenas require the recipient to "submit *all* documents . . .

responsive to this subpoena . . . ." (emphasis added). With the exception of request 1 of

the RSCS subpoena, defendants' proposed Rule 17(c) subpoenas are impermissible

discovery requests and should be denied on that basis.

## II.   The Proposed Subpoenas Seek Irrelevant And Inadmissible Documents

All four of the defendants' subpoenas fail to meet *Nixon*'s first requirement—that

the documents sought are relevant and admissible. *Nixon*, 418 at 699. The defendants

do not even attempt to show that the documents they seek would be admissible and

instead offer conclusory allegations as to admissibility that do not meet *Nixon*'s

standard. *United States v. Anderson*, 31 F. Supp. 2d 933, 944-45 (D. Kan. 1998). "[T]he

documents sought cannot be *potentially* relevant and admissible, they must meet the

test of . . . admissibility at the time they are sought."  *United States v. Burger*, 773 F.

Supp. 1419, 1425 (D. Kan. 1991). Defendants' motion should be denied on that basis

alone.

Nor can the government adequately assess the relevance of the requested

materials, because defendants' basis for seeking them is contained in an *ex parte* filing.

To the extent the materials are purportedly necessary for impeachment purposes, which

defendants acknowledge, that is not a permissible basis for a Rule 17(c) subpoena.

*Compare Nixon*, 418 U.S. at 701 ("[T]he need for evidence to impeach witnesses is

insufficient . . . .") *with* Dkt. 967.1 at 12 ("documents . . . may be tendered for . . .

4

impeachment), 11 (Church's), 13 (RSCS, KFC/YUM!), *id*. (Golden Corral – "Failure to fulfill contractual obligations would also be relevant to impeach Mr. Smith.").

### III.     Issuing the Subpoenas Will Not Expedite The Trial

Nor can the defendants show, as *Nixon* requires, that they "cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial." *Nixon*, 418 U.S. at 699-700. The defendants have had ample time to prepare for trial and the government has provided them with voluminous discovery—over 13 million records—to prepare their defense. If the requested materials were necessary to defendants' trial preparation, they would have included these proposed subpoenas in the Rule 17(c) motion they filed before the first trial, on July 19, 2021. Dkt. 284. Based on the allegations in the superseding indictment and the discovery produced to the defendants at that time, defendants were aware that the means and methods of the charged conspiracy involved sales to RSCS, KFC/YUM!, Golden Corral, and Church's. While the government's witness list has changed, the charged conduct has not.

And even if the need for these materials became apparent only after the defendants saw the government's evidence at the first trial—which defendants have not shown, other than their claim that they need these materials for impeachment, which is not a permissible use of a Rule 17(c) subpoena—Rule 17(c) is designed "to expedite the trial," Dkt. 315 at 1 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)), but the requested subpoenas would achieve exactly the opposite. Compliance with the defendants' subpoenas, despite the unrealistic February 10 return dates specified on the proposed subpoenas, would likely require weeks if not months for the

recipients to search their records and produce responsive documents. And if the defendants' motion were to be granted and the subpoenas were served, RSCS, FC/YUM!, Golden Corral, and Church's may seek to quash or modify, likely resulting in further delay (though the government does not know whether the recipients will in fact move to quash).

### IV.    Rule 17(c) Subpoenas Cannot Be Used To Seek *Jencks* Material

In addition to failing to meet the *Nixon* requirements, the proposed subpoena to Church's violates Rule 17(h), as does the proposed subpoena to Golden Corral to the extent it seeks statements of Telly Smith or any other prospective witness. Rule 17 includes an important limitation: "No party may subpoena a statement of a witness or a prospective witness under this rule." Fed. R. Crim. P. 17(h). Subsection (h) applies to all witness statements from whatever source and prohibits use of the rule to seek those statements. *See, e.g.*, *United States v. Benanti*, No. 3:15-cr-177, 2017 WL 78734, at *3 (E.D. Tenn. Jan. 6, 2017) (denying request for subpoena of co-defendant's jail telephone recordings under Rule 17(h)); *United States v. Phoenix*, No. 5:14-cr-00318-LHK, 2015 WL 6094882, at *3 (N.D. Cal. Oct. 16, 2015) (Rule 17(h) bars use of a subpoena to obtain witness statements from parties or non-parties); *United States v. Yudong Zhu*, No. 13 Cr. 761, 2014 WL 5366107, at *3 n.3 (S.D.N.Y. Oct. 14, 2014) (rejecting defendant's argument that Rule 17(h) applies only to witness statements already in the United States' possession). *But see United States v. Chavez*, No. 15CR00285LHK1VKD, 2020 WL 109703, at *3 (N.D. Cal. Jan. 9, 2020) (concluding that Rule 17(h) applies only to witness statements in the possession of a party, citing other

district court opinions expressly or implicitly reaching the same conclusion, and noting that no appellate court has considered the issue).

In disregard of that limitation, the subpoena to Church's seeks only statements of Dean Bradley, a likely government witness at the retrial, and the defendants seem to acknowledge they seek those statements *because* he is a likely witness. Dkt. 967.1 at 11 ("The requests seek documents of one type and one source: email communications from the account of the witness, Dean Bradley."); *id.* ("The documents requested can be admitted, used to refresh Mr. Bradley on the events of almost nine years ago, or to impeach him.").

Similarly, requests 1, 3, 4, and 6 of the subpoena to Golden Corral seek categories of documents and communications that would encompass emails authored by Telly Smith. As with the Church's subpoena, the defendants appear to acknowledge that they want the documents *because* he is a government witness. *See id.* at 5 ("Defendants have not received productions of . . . email discussions that would help the jury evaluate whether Mr. Smith's description of these negotiations is accurate."); *id.* at 13 ("[P]roduction of the documents from Golden Corral will enable Defendants to better prepare for the cross-examination of Mr. Smith.").

Because they do not comply with subsection (h), the Court should reject defendants' attempt to circumvent *Jencks* by using Rule 17(c) subpoenas to Church's and Golden Corral.

**V.      Conclusion**

For the reasons stated herein, defendants' motion should be denied and the four

proposed subpoenas should not be served.


Dated: February 7, 2022                 Respectfully submitted,

                                        /s/ Michael Koenig_____
                                        MICHAEL KOENIG
                                        HEATHER CALL
                                        CAROLYN SWEENEY
                                        PAUL TORZILLI
                                        Antitrust Division
                                        U.S. Department of Justice
                                        450 Fifth Street NW, Suite 11048
                                        Washington D.C. 20530
                                        Tel: (202) 616-2165
                                        michael.koenig@usdoj.gov
                                        Attorneys for the United States