IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' REPLY TO DEFENDANTS' RESPONSE TO SUPPLEMENTAL *JAMES* LOG

The defendants' response to the government's request to supplement its *James* log is based largely on the false premise that the *James* proceeding exists to limit the relevant evidence against them at trial. To the contrary, the real purpose of a *James* proceeding is for a court to avoid the "connecting up" problem. This problem arises when a court conditionally admits into evidence co-conspirator statements, subject to the government "connecting up" with sufficient evidence to demonstrate the conspiracy in which the statements were made did in fact exist. If the government is unable to

1

"connect up" the court must determine whether to grant a mistrial. *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) ("[T]here is the risk of undue prejudice if in the end the evidence does not in fact "connect up.").

The "connecting up" problem does not exist here because the Court found a conspiracy exists and that every defendant knowingly participated. The Court then confirmed these findings in denying the defendants' Rule 29 motions. The purpose of the *James* hearing, therefore, is in no way frustrated by allowing the government to supplement its *James* log.

The defendants' brief concedes that the government submitted its *James* log six months ago. The government since that time has refined its case, including through additional witness interviews and document review. And of course the government took stock of the case after the Court declared a mistrial. These developments that have occurred over the past six months mean that the government has additional evidence that is admissible under Rule 801(d)(2)(E) that it wishes to present at trial. There is no rule requiring the government to limit itself at a retrial to only that evidence it used in the initial trial. *Cf. United States v. Fell*, 5:01-CR-12-01, 2018 WL 7247414, at *3 (D. Vt. Apr. 4, 2018) ("The Government is not limited to the witnesses called at the first trial."). Evidence admissible under 801(d)(2)(E) is no different.

The defendants' approach, if adopted, would strike a blow to judicial efficiency and create perverse incentives. If courts would require the government to list every conceivable co-conspirator statement in any document (whether a trial exhibit or not) and interview report (even if the interviewee was not expected to be called by the

2

government) or risk having that statement barred from being admitted into evidence, *even at a* retrial, the government would have little incentive in being judicious in what it presents on its *James* log. Rather, in future cases the government would have every incentive to overload their *James* log with exhibits it does not necessarily plan to use and statements of witnesses it does not necessarily plan to call to cover every eventuality that may arise at a trial and *even a re-trial*.[1] While this perverse rule would benefit defendants by providing them significant discovery (which of course is not the purpose of a *James* proceeding), district courts will experience significantly lengthened *James* proceedings with little to show for it.

The defendants also make the erroneous claim that "the government has not established that any of the statements in the supplemental log satisfy 801(d)(2)(E)." ECF No. 971 at 1. The government's supplemental log contains numerous co-conspirator statements drawn from the trial testimony of Robert Bryant, in which he recounts his participation in the charged conspiracy. *See* ECF 941-1 at 54-S – 83-S. These passages of testimony were already received admitted into evidence against all ten defendants, and almost always without objection.[2] The remaining entries similarly contain clear indications of conspirators making statements to further their conspiracy's

---

[1] The government here attempted to be judicious in what it presented in its *James* log, even withdrawing some entries when it appeared that the government was unlikely to present the documents containing the withdrawn entries at trial. The government is now seeking rulings on two of those withdrawn entries. Should the court adopt a rule that the government is forever barred from seeking admission under 801(d)(2)(E) of statements not on its *James* log, the government will have no incentive to withdraw entries even if it is otherwise judicious to do so.

[2] Some exhibits appearing on the supplemental *James* log were also received into evidence at trial. *See, e.g.*, ECF 941-1 at 8-S.

3

objective.

The defendants' emphasis on "layers" of hearsay misunderstands how the *James* log works. Each *James* log entry attributable to a statement in an interview reflects the government's best effort to capture that interviewee's expected testimony as it relates to the co-conspirator statement logged. For purposes of the hearsay analysis what matters is whether the witness' statement, if he testified to it in court, transmitted a co-conspirator statement. This should come as no surprise to the defendants since the government put numerous entries on its initial *James* log that were drawn from witness interviews. And the defendants' accusation that the government is seeking "advisory pretrial rulings" on testimony is disingenuous since the defendants themselves have asked the Court to conduct another *James* hearing and require Carl Pepper to testify. ECF No. 999.

Regarding the eight *James* log entries that changed circumstances have prompted the government to seek reconsideration, the government stands on its initial briefing.

The Court should grant the government leave to submit its *James* log, permit reconsideration of entries 50, 51, 52, 56, 57, 73, 152 and 163, and also rule on previously withdrawn entries 46 and 245.

Dated: February 9, 2022	Respectfully submitted,

/s/ Michael T. Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*