IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on the United States' Motion for Rule 15 Deposition [Docket No. 942].[1] Defendants have filed a response. Docket No. 970. The government replied. Docket No. 1025.

The government asks the Court for leave to take a video deposition of F.B., a subordinate of Pete Martin of Mar-Jac Poultry ("Mar-Jac"). Docket No. 942 at 1. The government anticipates that F.B. will be able to testify that the handwriting in GX-1030 belongs to Mr. Martin based on her role as his longtime secretary. *Id.* at 3. Defendants

---

[1] The government also filed an *ex parte* version of the motion at Docket No. 943. The Court will reference the public version, Docket No. 942, unless otherwise noted.

argue that none of the requirements for a Rule 15 deposition have been met and the government has abused the grand jury process with respect to F.B.  Docket No. 970.

Rule 15 allows for a deposition given "exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1).  "[T]he 'exceptional circumstances' standard of Rule 15(a) requires that the district court exercise 'its discretion in determining whether a deposition should be taken under the particular circumstances presented.'"  *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995) (quoting *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991)).  In determining if a Rule 15 deposition is appropriate, courts consider whether (1) the testimony is material; (2) the witness is unavailable; and (3) taking the deposition is "necessary to prevent a failure of justice."  *Fuentes-Galindo*, 929 F.2d at 1509 (noting that these factors are not dispositive).

Rule 15(f) provides that the admissibility of a deposition taken pursuant to Rule 15(a) is governed by the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 15(f); *see also United States v. Martinez*, 198 F. App'x 704, 711 (10th Cir. 2006) (unpublished) (stating that a district court may consider unavailability in deciding whether to allow a deposition, but "when it comes to admitting the deposition, the government has the burden of proving that the witness is unavailable").  "Where the government seeks to introduce the deposition, a witness is 'unavailable' only if the government can show it made a 'good faith' effort to secure the declarant's presence at trial."  *United States v. Ruiz*, 105 F. App'x 254, 257 (10th Cir. 2004) (unpublished); *see also United States v. Tao*, 2021 WL 5205446, at *4 (D. Kan. Nov. 9, 2021) ("The Tenth Circuit has explained

that there must be 'some showing' that the 'witness'[s] attendance could not be obtained by subpoena.'" (quoting *Fuentes-Galindo*, 929 F.2d at 1510)).

The government states that F.B. is unavailable because she is unable to travel during the COVID-19 pandemic due to her medical conditions. Docket No. 942 at 6-7. However, the government has made no request that F.B. be allowed to testify via video-teleconference at the trial, rather than before the trial at a Rule 15 deposition. *Cf. United States v. Donziger*, 2020 WL 5152162, at *3 (S.D.N.Y. Aug. 31, 2020) (granting government's motion to permit trial witness to testify via live two-way video-conference due to the witness's age and the COVID-19 pandemic); *United States v. Avenatti*, 2022 WL 103494, at *1-2 (S.D.N.Y. Jan. 11, 2022) (denying government's request for Rule 15(a)(1) deposition but granting alternative request for witness to testify at trial by live, two-way video due to increased risk of illness or death were witness to contract COVID-19); *United States v. Akhavan*, 523 F. Supp. 3d 443, 451-56 (S.D.N.Y. 2021) (granting a witness's motion for leave to testify remotely where the witness's age and comorbidities "place[d] him at increased risk of serious illness or death if he were to contract COVID-19"); *but see United States v. Pangelinan*, 2020 WL 5118550, at *4 (D. Kan. Aug. 31, 2020) (finding government had not shown it was necessary to deny defendants right to face-to-face confrontation over witnesses' health concerns and the COVID-19 pandemic).

The Court finds that a Rule 15 deposition is not necessary to prevent a failure of justice. Fed. R. Evid. 901(b)(2) permits authentication of handwriting by a lay-person "based on a familiarity with it that was not acquired for the current litigation." The government indicates it is "likely" that F.B. can authenticate the handwriting of Mr.

3

Martin in GX-1030.  Docket No. 942 at 4.  However, F.B. has not consented to an interview with the government.  *Id.*  Rule 15 "does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases."  *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986).  The Court will not permit the government to develop testimony in advance of trial in order to determine whether or not it is helpful to the government's case.

For the foregoing reasons, it is

**ORDERED** that the United States' Motion for Rule 15 Deposition [Docket Nos. 942, 943] is **DENIED**.

DATED February 10, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4