IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## AMENDED MOTION FOR ORDER REGARDING AUTHENTICITY AND BUSINESS RECORDS

The government provides this amended motion in response to the Court's February 17, 2022 Order that the government indicate the impact of the Agreement Regarding the Authenticity and Federal Rule of Evidence 803(6) Foundation of Certain Documents ("the Agreement") (ECF No. 1071) on the government's pending Motion for a Pre-Trial Ruling on Authenticity and Business Records (ECF No. 992).

Now that, by the parties' agreement, it is no longer at issue *whether* the Court can rely on witness' prior testimony, the government requests that the Court do just that

and grant its pending motion regarding the authenticity of documents based on testimony from the prior trial.

## I.     NOTICE OF MOOT ISSUES

The government respectfully requests a ruling on its original motion (ECF No. 992), but notes that the following issues related to that motion are now moot and no longer require a ruling:

- The Parties have agreed not to object during the re-trial to the authenticity of documents which were admitted during the first trial. ECF No. 1071 at Section I;

- The Parties have agreed that all phone records noted in the Agreement are "authentic and deemed to meet the requirements of Federal Rule of Evidence 803(6)." *Id.* at Section II. Therefore, the government's request for a ruling on the authenticity and business records foundation of Verizon and AT&T records is now moot. ECF No. 992 at 12-13; and

- The Parties have agreed that, "[t]o the extent a witness authenticated any particular document or range of documents at the prior trial…the Court can rely on that testimony in making authentication rulings in this trial." *Id.* at Section III.

The government notes that the Agreement has reduced the government's witness list by three witnesses: Melissa Sandoval (Verizon), Philip Fanara (AT&T), and Kevin Young Choo (Chick-fil-A). However, there remain at least 16 additional custodial witnesses whose prior testimony the government believes is sufficient for the Court to rely on in authenticating the vast majority of the government's evidence in the retrial. As such, the government requests a pretrial ruling on the authenticity of categories of documents as described in pages 5-6 of the government's earlier motion. ECF 992 at 5-6.

## II.     MOTION FOR ORDER ON OUTSTANDING ISSUES

As further detailed in the earlier motion, ECF 992, the breadth of the witness testimony in the prior trial was such that the emails, attachments, contracts, and calendar invitations as below are indeed authentic. The table below is reproduced from ECF 992 for the Court's convenience.

| Producing Party | Categories of Documents |
|---|---|
| Pilgrim's Pride | Emails, Attachments, Calendar Invitations, and Contracts[1] |
| Tyson Foods | Emails, Attachments, Calendar Invitations, and Contracts[2] |
| RSCS | Emails, Attachments, and Calendar Invitations[3] |
| George's | Emails, Attachments, and Calendar Invitations[4] |
| Sysco | Emails and Attachments[5] |
| Koch Foods | Emails and Attachments[6] |

---

[1] Lumakar Challa (ECF 992, Attachment A:  Cert. Tr. Oct. 28, 2021 at 136-161), Theodore Sangalis (ECF 992, Attachment B:  Cert. Tr. Oct. 28, 2021 at 173-184), and Sean King (ECF 992, Attachment C:  Cert. Tr. Oct. 28, 2021 at 161-173).
[2] Matthew Bunch (ECF 992, Attachment D:  Cert. Tr. Oct. 28, 2021 at 35-51), Stephen Gresch (ECF 992, Attachment E:  Cert. Tr. Oct. 28, 2021 at 63-81), Carolyn Sue Arens (ECF 992, Attachment F:  Cert. Tr. Oct. 28, 2021 at 51-62), and Kenneth Oliver (ECF 992, Attachment CC: Cert. Tr. Nov. 3, 2021 at 1219-1226).
[3] William Kent (ECF 992, Attachment G:  Cert Tr. Oct. 28 at 82-106).
[4] Robert Hood (ECF 992, Attachment H:  Cert. Tr. Oct. 28, 2021 at 106-136).
[5] Robert Dawson (ECF 992, Attachment I:  Cert. Tr. Nov. 17, 2021 at 159-168).
[6] Stewart Ward (ECF 992, Attachment J:  Cert. Tr. Oct. 28, 2021 at 191-213).

3

| Claxton Poultry | Emails, Attachments, Calendar Invitations, and Contracts[7] |
|---|---|
| Mar Jac Poultry | Emails and Attachments[8] |
| Documents Produced by Koch, Claxton, and Mar Jac to Lockridge Grindal Nauen PLLP, and Subsequently Produced to DOJ | Emails, Attachments, and Calendar Invitations[9] |

While the parties have agreed that the Court may rely on such prior testimony, there is no agreement as to whether documents not admitted in the previous trial are, in fact, authentic. Therefore, without a pretrial ruling on authenticity, the government will seek to elicit testimony from custodial witnesses about the authenticity of particular documents, including ones that simply were not previously admitted, but also ones that have been added to its exhibit list since the last trial.

The ruling the government is seeking is broader than the particular "lists" that each custodian testified to in the previous trial, and rather extends to all documents included in the above categories that were received by the government pursuant to grand jury subpoenas and produced in discovery to the defendants in this case—independent of whether they are included on the government or the defendant's exhibit list for the upcoming trial.

---

[7] Gregory Finch (ECF 992, Attachment K:  Cert. Tr. Oct. 28, 2021 at 213-244).
[8] Larry Barela (ECF 992, Attachment L:  Cert Tr. Nov. 1, 2021 at 17-38).
[9] Simeon Morbey (ECF 992, Attachment M:  Cert. Tr. Nov. 1, 2021 at 38-82) and Anna Bieganowska (ECF 992, Attachment N:  Cert. Tr. Nov. 1, 2021 at 82-89).

The witnesses in the prior trial authenticated documents by testifying to (1) the general storage, maintenance, and production of documents to the government, but also (2) their direct one-to-one comparison of thousands of documents contained on the government's exhibit list to those same documents contained on their servers. Through that process, they specifically testified to the authenticity of many documents contained on lists that they referred to throughout their testimony.

The testimony of those witnesses to thousands of documents, not once finding an error between emails, attachments, and contracts as stored on their servers and those produced to the government, is sufficient for this Court make a finding that the processes used by those companies to produce documents to the government were reliable such that all emails, attachments, and contracts as described above may be deemed authentic.

In addition to the prior testimony and other arguments put forth in ECF 922, custodians of the above-referenced customers submitted certifications encompassing the vast majority of documents produced to the government. Those certifications have previously been submitted to the Court attached to filings 622 and 623. These certifications authenticated the vast majority of the records at issue by stating, for example, that the "records identified in this certificate are true duplicates of the original records in the custody of the provider." ECR 622.1 at 11 (certificate of custodian for Claxton Poultry). As such, the prior testimony and other evidence sufficient to permit the Court to rule that the documents in the above-listed categories are authentic.

5

In addition to pure authenticity, the government in its motion sought an order that the contracts as described above meet the requirements of 803(6). Specifically, the government seeks a ruling that chicken supply contracts of Pilgrim's Pride and Claxton Poultry meet the requirements of Fed. R. Evid. 803(6). As described in the government's motion, the custodial witnesses for those companies already laid foundation in the previous trial sufficient for the Court to make this finding.

### III.   ALTERNATIVE MOTION FOR AN ORDER REGARDING THE AUTHENTICITY OF PARTICULAR DOCUMENTS

If the Court does not find the prior testimony and evidence before it to deem the categories above to be deemed authentic, the government in the alternative respectfully requests a pre-trial ruling on the authenticity of the 390 documents in the chart contained in Attachment 1, which consists of those the government, based on reasonable efforts, currently expects it will admit at the upcoming trial that were not admitted in the prior trial. Such a ruling would drastically reduce the number of custodial witnesses the government would call in Denver and would be appropriate to ensure an efficient presentation of evidence. *See* Federal Rule of Evidence 611(a)(2) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to…avoid wasting time[.]").

In so doing, the government incorporates its arguments above and contained in its Motion for a Pretrial Ruling on Authenticity and Business Records, albeit for a more limited category of documents. ECF 973-1 and 973-2. In compiling the list, the government has excluded—and does not seek a ruling on—the authenticity of

6

documents that consist of handwritten notes (although some documents may bear signatures and the like).

Given that trial begins in approximately two business days and that the prior testimony and evidence before this Court establishes the authenticity of these documents, such a ruling would be appropriate and significantly expedite the presentation of evidence at trial.

## IV.   CONCLUSION

For the reasons outlined above, the government respectfully (I) provides notice of issues that have been rendered moot and (II) requests a ruling on outstanding issues from the government's Motion for Authenticity.

In the alternative to a ruling as sought in the government's prior Motion for Authenticity, the government requests either (III) a ruling on the 390 specific documents in the chart attached to this motion, all of which would also be covered by the government's original Motion for Authenticity if granted; or (IV) a hearing on the authenticity of the documents contained in the attached list. If the Court is inclined to hold a hearing where parties may argue whether the authenticity of these documents has been established, the government respectfully proposes that such hearing occur prior to February 28, 2022.

The rulings and hearing as proposed above would reduce the need for nearly 13

document custodians to travel to Denver for testimony that is short, noncontroversial, duplicative of similar testimony from the first trial.

Dated: February 18, 2022         Respectfully submitted,

/s/ Michael T. Koenig
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*