IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

    This matter comes before the Court on motion four of the United States' Omnibus *Motions in Limine* [Docket No. 977], Defendant Penn's, Defendant Roberts' and Defendant Mulrenin's Motion to Enforce Prior Rulings and Exclude Evidence Previously Ruled Inadmissible and Testimony of Newly Added Witness Tara Love [Docket No. 994], and Defendants' Joint Motion *in Limine* to Exclude the Testimony of Nicholas White and Related Evidence [Docket No. 1049]. The parties responded. Docket Nos. 1017, 1018, 1058. The Court first addresses the government's motion in limine.

In motion four of Docket No. 977,[1] the government asks the Court "to allow testimony of witnesses from Pilgrim's Pride and Tyson Foods about antitrust training and information-sharing policies received by certain defendants in this case. Such evidence may be offered to show the existence of the conspiracy and the membership of certain defendants." Docket No. 977 at 6-7. The Court heard argument on this motion at the February 10, 2022 hearing and permitted defendants to file a motion in limine out of time regarding Nicholas White, Pilgrim's general counsel. *See* Docket No. 1040 at 3.

The government argues that the evidence of antitrust training and antitrust policies is relevant to show the state of mind of defendants, specifically, that defendants knew what they were doing was wrong and that the prices they were sharing were confidential. Docket No. 977 at 9. The government argues that the probative value of such evidence outweighs any risk of prejudice because the government does not intend to elicit testimony as to what conduct antitrust laws prohibit. *Id.*

The Court has previously addressed antitrust training and policies. In its order on motions in limine before the first trial, the Court stated: "The Court agrees with the government that evidence of antitrust training is relevant, but will grant defendants' motion to exclude evidence regarding internal compliance policies or codes of conduct since those are not standards by which the jury will need to assess the charge in this case." Docket No. 603 at 7. However, at trial, the Court excluded several government exhibits relating to antitrust training because of the risk of confusing the jury about the

---

[1] The Court ruled orally on the other portions of Docket No. 977 at the February 10, 2022 hearing, but reserved ruling on this portion of the motion. *See* Docket No. 1040 at 3.

legal standard applicable to the charges in this case.  *See* Nov. 18, 2021, Transcript at 3551:2-17.  The Court noted that in doing so it was reconsidering the Court's ruling on the motion in limine.  *Id.*

After reviewing the antitrust training evidence in the context of the evidence introduced or refused in the first trial, the Court finds that antitrust training and policies are irrelevant.  The Court does not agree with the government's argument that antitrust training is relevant to the defendants' state of mind.  Of course, ignorance of the law is not a defense to the charge in this case.  Rather, a defendant's guilt is determined by whether or not the charged conspiracy existed and he knowingly entered into it, knowing of its goal and intending to help accomplish it.  *See* Docket No. 921 at 16.  Conversely, knowledge of the law is not proof that a defendant violated the Sherman Act.  Rather, a defendant's guilt is measured by the same standard noted already.  The government fails to explain how knowledge gained from antitrust training makes it more or less likely that a defendant knowingly, i.e., voluntarily and intentionally, joined the charged conspiracy, knew of its goals, or intended to help accomplish its goals.

Even if the Court found some minimal relevance from a defendant's exposure to antitrust training, the probative value would be substantially outweighed by the risk of unfair prejudice under Rule 403.  The antitrust training may contain statements that confuse or mislead the jury on the standard the jury is to apply.  For example, the draft Pilgrim's policy that the government seeks to introduce through Mr. White, GX-9865, notes that "contact or communications of any kind with competitors raise special concerns under antitrust laws . . . [and] an exchange or sensitive, nonpublic information with a competitor can be inherently risky."  GX-9865 at 2.  The draft policy advises

Pilgrim's employees not to discuss Agri Stats reports with competitors. *Id.* at 3. However, the jury in the first trial was instructed, "[i]t is not unlawful for competitors to meet and exchange information necessary to preparation of a bid or discuss common aims or objectives or exchange information on independently derived prices. There may be legitimate reasons that would lead competitors to exchange price information other than fixing prices or rigging bids." Docket No. 921 at 23. Thus, any probative value of such policies or training is substantially outweighed by the danger that the jury will confuse the standard in the policy or training with the law it is to apply.

The remaining motions are Docket Nos. 994 and 1049. In Docket No. 994, Mr. Penn, Mr. Roberts, and Mr. Mulrenin ask the Court to exclude (1) evidence regarding Tyson's antitrust training; (2) internal company policies; (3) evidence of compensation; and (4) the testimony of Tara Love. Docket No. 994 at 3-7. The government subsequently removed Ms. Love, a former director of compliance at Tyson Foods, from its witness list and substituted Josh Malone, who reported directly to Ms. Love before she left Tyson. *See* Docket No. 1018 at 10 n.7; *see, e.g.*, Docket No. 1026 at 270.

Because the Court will exclude evidence relating to antitrust policies and trainings, the Court will grant Docket No. 994 with respect to (1) evidence regarding Tyson's antitrust training and (2) internal company policies. The testimony of Mr. Malone is similarly excluded to the extent it discusses evidence regarding Tyson's antitrust training or internal company policies.

With respect to evidence of compensation, the Court previously held that evidence of how Mr. Penn and Mr. Lovette would benefit from higher chicken prices was relevant to motive for price fixing and was admissible. Docket No. 603 at 5. However,

4

the Court excluded certain employment and compensation evidence at trial because it was irrelevant.  *See* Nov. 18, 2021, Transcript at 3481:4-9; 3560:13-25 to 3561:1-5.  Defendants argue that the evidence the government intends to introduce is of the same nature as evidence the Court excluded at trial, *see* Docket No. 994 at 5-6, while the government argues that it is of the type that the Court found admissible in Docket No. 603.  *See* Docket No. 1018 at 12-13.  The Court will reserve ruling on the individual exhibits until they are presented at trial and the Court can evaluate them in context.  The testimony of Mr. Malone, to the extent it concerns compensation, will similarly be ruled on at trial.  Accordingly, Docket No. 994 is granted in part and reserved in part.

In Docket No. 1049, defendants ask the Court to exclude the testimony of Nicholas White, the general counsel of Pilgrim's Pride, and the draft antitrust policy, GX-9865, about which he is expected to testify.  Docket No. 1049 at 1-2.  Consistent with the Court's ruling on antitrust policies above, the portion of Docket No. 1049 seeking to exclude GX-9865 is granted.  The Court will additionally grant the portion of Docket No. 1049 seeking to exclude Mr. White's testimony regarding GX-9865.  Just as the actual policy is irrelevant and unduly prejudicial, Mr. White's testimony on it would also be irrelevant and unduly prejudicial.

For the foregoing reasons, it is

**ORDERED** that motion four at pages 6-10 of the United States' Omnibus *Motions in Limine* [Docket No. 977] is **DENIED**.  It is further

**ORDERED** that Defendant Penn's, Defendant Roberts' and Defendant Mulrenin's Motion to Enforce Prior Rulings and Exclude Evidence Previously Ruled Inadmissible

and Testimony of Newly Added Witness Tara Love [Docket No. 994] is **GRANTED in part** and **RESERVED in part**.  It is further

    **ORDERED** that Defendants' Joint Motion *in Limine* to Exclude the Testimony of Nicholas White and Related Evidence [Docket No. 1049] is **GRANTED**.  It is further

    **ORDERED** that Defendants' Joint Motion for Leave to File Joint Reply in Further Support of Their Motion *in Limine* to Exclude the Testimony of Nicholas White and Related Evidence [Docket No. 1077] is **DENIED as moot**.


DATED February 22, 2022.

                                            BY THE COURT:

                                            s/ Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            Chief United States District Judge