IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1.   JAYSON JEFFREY PENN, <br> 2.   MIKELL REEVE FRIES, <br> 3.   SCOTT JAMES BRADY, <br> 4.   ROGER BORN AUSTIN, <br> 5.   TIMOTHY R. MULRENIN, <br> 6.   WILLIAM VINCENT KANTOLA, <br> 7.   JIMMIE LEE LITTLE, <br> 8.   WILLIAM WADE LOVETTE, <br> 9.   GARY BRIAN ROBERTS, and <br> 10. RICKIE PATTERSON BLAKE, <br><br> Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S
FIFTH MOTION TO EXCLUDE EXPERT TESTIMONY**

The government has already filed *four motions* to exclude Defendant's economic expert, the Yale professor Edward Snyder—and the Court denied every one. *See* Docs. 649, 809, 904, 1040. The cumulative and harassing nature of these motions could not be clearer. The Court denied the government's fourth motion during the pretrial conference—without argument—on the grounds that "I agree with the defendants this is really a motion for reconsideration. The standards haven't been met to do it." Trial Preparation Conf. Tr. 171:11-13 (Feb. 10, 2022).

Nonetheless, the night before Professor Snyder's scheduled testimony, the government filed a *fifth motion* to exclude him. Doc. 1187. Despite the Court's last order, the fifth motion relies entirely on arguments that the Court already resolved in its previous orders. Indeed, the government admits that the Defendants first disclosed the challenged testimony over ten months

1

ago, on May 14, 2021.  Doc. 1187 at 2.  As the government acknowledges, that disclosure stated that Professor Snyder would consider "whether distribution of prices bid by rivals indicates collusion."  *Id.* (citing Letter from Michael Tubach to Michael Koenig (May 14, 2021) at 20).  Then, on November 9, 2021, the Court ruled that this testimony was appropriate.  *See* Doc. 809 at 3 (permitting Professor Snyder's testimony that the "bid and price data" in this case is "inconsistent with a price-fixing and bid-rigging agreement").  The government does nothing to explain why the Court should reconsider its previous ruling, or why, if the government somehow believes that this is a new argument, it could not have raised it during the last ten months.  *Cf.* Trial Preparation Conf. Tr. 171:13-15 (Court: "I required that before the last trial any 702 challenges be articulated at that time.").  The government's fifth motion to exclude should be denied on this basis alone.

But even if the fifth motion were not an improper and untimely motion for reconsideration, it would be wrong on the law.  The motion argues on the basis of two basic premises: that price-fixing may occur both when prices are identical and when prices are different.  Doc. 1187 at 3.  But from that unexceptional starting point, it jumps to the conclusion that any evidence that defendants took inconsistent actions, charged different prices, or submitted meaningfully different bids is relevant in any price fixing case.  *Id.* at 3-4.  As the government puts it, "the DOJ considers uniform prices to be an indicator of price fixing [but] the inverse is not true."  *Id.* at 3 (citation omitted).  Or in other words: price differences can be used to convict, but never to acquit.

The government is wrong; the inverse ***is true***.  "The crucial question" in every Section 1 case "is whether the challenged anticompetitive conduct stem[s] from independent decision or from an agreement, tacit or express."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007) (quotation omitted).  In circumstantial evidence cases like this one, the trier of fact must infer an

2

agreement from the "circumstances, acts, and conduct of the parties." *United States v. Wardell*, 591 F.3d 1279, 1287–88 (10th Cir. 2009) (quotations omitted). This requires a predicate "showing of parallel business behavior." *Twombly*, 550 U.S. at 553 (noting parallel conduct is necessary but not sufficient at any stage of litigation) (quotation omitted). Defendants are entitled to contest evidence meant to make out that showing.

In fact, the law is replete with examples in which allegations or evidence of different prices were used to defeat a price-fixing claim. In fact meaningfully inconsistent pricing generally undermine Section 1 cases since diversity in pricing behavior is inconsistent with conspiracy and consistent with independent behavior. *See, e.g.*, *In re Beef Industry Antitrust Litig.*, 907 F.2d 510, 514 (5th Cir. 1990) (affirming summary of judgment of § 1 claim in absence of proof that prices "were identical, or nearly so, for any series of individual transactions"); *In re GSE Bonds Antirust Litig.*, 396 F. Supp. 3d 354, 364 (S.D.N.Y. 2019) (dismissing claims when"[t]he complaint does not, for example, include any evidence that defendants all priced their bonds similarly."); *In re Chocolate Confectionary Antitrust Litig.*, 999 F. Supp. 2d 777, 796 (M.D. Pa. 2014) (granting summary judgment based in part on "divergent pricing tactics driven by practical efforts to maximize competitive advantage"); *Krehl v. Baskin-Robbins Ice Cream Co.*, 1979 WL 1662, at *10 (C.D. Cal. Aug. 7, 1979) ("The actual prices charged by the area franchisers have been disparate and in themselves demonstrate no pattern from which this Court may infer a conspiracy.") The government's own cases make clear that "parallel conduct must produce parallel results" in order to support an inference of conspiracy, and that such an inference is undermined by "inconsistent pricing in an alleged price-fixing conspiracy." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 429 (4th Cir. 2015); *see City of Moundridge v. Exxon Mobil*

*Corp.*, 429 F. Supp. 2d 117, 131-32 (D.D.C. 2006) (despite general increase in prices, defendants' prices were different, undermining a showing of parallel behavior).  Even charging *identical prices* is not illegal absent an agreement.  *Twombly*, 550 U.S. at 556-57; *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 227 (1993).  The government's argument is entirely misplaced.

Equally misplaced is the government's next argument, that testimony on divergent prices has "minimal" relevance to a price-fixing case.  Competitors charging different prices is clearly relevant evidence to determining whether they entered a price-fixing conspiracy together.  Fed. R. Evid. 401.  There is no merit to the argument that such testimony will "mislead" the jury.  Professor Snyder is a former economist with the Department of Justice Antitrust Division who has studied price-fixing and antitrust issues over a long and distinguished academic career as an economics professor at some of the nation's top universities.  He is well-placed to opine on how such factors as identical prices may constitute *economic* evidence of a price-fixing agreement—such as explaining why an economist would expect to see identical or similar prices when price-fixing occurred.  To the extent the government is worried that Professor Snyder will mislead the jury "into believing that uniformity of pricing is not only important, but *necessary* to prove a price-fixing conspiracy," Doc. 1187 at 4, then Defendants confirm that Professor Snyder will not opine on this or any other legal standard at all.  There is no ground to exclude his testimony.  To the extent that the government has disagreements with his testimony, it may raise those disagreements on cross-examination.

For all of the foregoing reasons, Defendants respectfully move that the Court deny the government's motion to exclude Professor Snyder for the fifth time.

Dated: March 17, 2022	Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: March 17, 2022                     *s/ Michael F. Tubach*

                                                                                        Michael F. Tubach