**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  **JAYSON JEFFREY PENN,**
2.  **MIKELL REEVE FRIES,**
3.  **SCOTT JAMES BRADY,**
4.  **ROGER BORN AUSTIN,**
5.  **WILLIAM WADE LOVETTE,**

     Defendants.

---

**UNITED STATES' RESPONSE TO DEFENDANTS' OBJECTIONS
TO UNSPONSORED EXHIBITS**

---

The government respectfully responds to Defendants' joint objections to the government's Notice of Unsponsored Exhibits. (Docket No. 1314.)  The government provided its Notice of Exhibits without a Testifying Witness on April 25, 2022 ("Notice").[1]

Defendants have filed essentially the same brief lodging objections identical to

---

[1] On May 4, 2022, the government filed an amended notice that added two additional exhibits: GX-10666 and GX-410-2. (Docket No. 1294.)

ones previously raised and that the Court has already rejected.  (Docket No. 945 (prior objections); Docket No. 1031-1 (order overruling objections).)  Their objections are as meritless as when the Court previously overruled them.[2]  (*See* Docket No. 1031-1).

**1.   Admission of Unsponsored Exhibits does not violate Defendants' Confrontation Rights.**

Defendants recycle their blanket objections to the unsponsored exhibits on Confrontation Clause grounds and renew their objection to the Court's admission of exhibits into evidence subject to limiting instructions.  (*See* Docket No. 945 at 4-6.) But the Court has already rejected these arguments.  (*See* Docket No. 1031-1)

**2.   Limiting Instructions are Appropriate and Prevent Potential Evidentiary Spillover.**

The Court has conducted a thorough admissibility analysis on an exhibit-by-exhibit basis, and where appropriate, admitted an exhibit (or part of an exhibit) into evidence with a limiting instruction—notwithstanding Defendants' arguments that such limiting instructions are prejudicial.  (Docket No. 1031-1.)  Defendants have stated no reason to deviate from the Court's approach in the prior two trials.

---

[2] Defendants also provide a 225-page document of objections to the Notice.  Pursuant to prior practice the government does not intend to respond line by line to Defendants' 225 pages of objections since the Court has already made (and reaffirmed) admissibility rulings on most of the exhibits, although the government has categorized the documents on its Notice, below, and notes the vast majority of those documents were on its prior notices, and admissibility determinations as to those documents were made in the prior trials.  In addition, the government will be prepared to argue the admissibility of specific exhibits at the pre-trial conference or another occasion at the Court's convenience.

### 3.    Unsponsored Exhibits Satisfy Authenticity Requirements.

Defendants also objected, again copying its earlier brief, (Docket No. 945 at 6), on the ground that the unsponsored exhibits cannot be admitted before they are authenticated.  The vast majority of the exhibits (323 of 401) contained in the Notice have been received into evidence at trial and, as such, have already met the low bar for authenticity that this Circuit requires.  *United States v. McDaniel*, 433 Fed. App'x 701, 704 (10th Cir. 2011).  The Court makes this threshold determination of whether an exhibit is sufficiently authentic to be admissible into evidence.  In doing so, the Court is not bound by the rules of evidence, except privilege.  *United States v. Sutton*, 426 F.2d 1202, 1207 (D.C. Cir. 1969) (cited with approval by *United States v. Ireland*, 456 F.2d 74, 76-77 (10th Cir. 1972)).  Because the previously-admitted unsponsored exhibits have already been authenticated, the information underlying those authenticity determinations would be available for the Court to rely upon when making the same determinations in the upcoming trial.[3]

### 4.  New Exhibits are Relevant, Probative and Establish Defendants' Motive.

The majority of the 401 documents contained in the Notice were contained on the government's notice of unsponsored exhibits submitted in advance of the second trial,

---

[3] The parties continue to work to enter into a stipulation regarding authenticity in an effort to streamline its trial presentation.

(Docket No. 1086 (Notice of Documents to be Admitted into Evidence); *see also* Docket No. 925 (Notice of Documents Without Sponsoring Witness.)), and ruled admissible by the Court (*See, e.g.*, Docket No. 1031, 1031-1.).

The government's Notice consists of 259 exhibits that were on the government's notice of unsponsored exhibits submitted ahead of the previous trial,[4] and 142 Additional Exhibits.  The 142 Additional Exhibits consists of 13 government summary exhibits,[5] 67 exhibits admitted into evidence at the prior trial (including unsponsored ones such as GX-1030), two new exhibits from the *James* Log,[6] five exhibits containing company logos that the government intends to incorporate into its summary exhibits,[7] and 11 exhibits shown to a fact witness during the prior trial but not admitted into evidence.  These documents are relevant and admissible.  The government outlines the bases for admissibility of the summary charts and the underlying documents (including logos) in its response to Defendants' Motion *in Limine* No. 3 to exclude the

---

[4] The two documents on the government's amended notice consist of an exhibit that was admitted at the prior trial without a sponsor (GX-410-2), and a phone record excerpt (GX-10666). Defendants' objections to these exhibits should similarly be overruled.  This is equally true for Defendants' untimeliness objections.  While the government's lack of inclusion of these two exhibits on its initial Notice was inadvertent, the Defendants suffered no prejudice from receiving notice of the two exhibits one week before its objections were due.

[5] GX-50 through GX-62.

[6] GX-1890 and GX-1891.

[7] GX-9275 through GX-9281.

government's new summary exhibits (Docket No. 1304), contained within the government's Omnibus response.  The two new exhibits contained on the *James* log are admissible as coconspirator statements, and relevant as statements made in furtherance of the charged conspiracy.  The 67 previously-admitted exhibits are relevant and admissible for the reasons previously ruled on by the Court.

Only 44 documents on the government's Notice are new substantive exhibits.[8] 11 of these new exhibits are either excerpts of toll records or Pilgrim's invoices for chicken purchases.[9]  The balance are largely internal Pilgrim's documents that were produced to Defendants months, if not years, ago by the government in discovery. Defendants assert relevance and other objections to some of the new documents, including GX-10057, GX-10581, GX-10605, GX-10616, GX-10602, GX-10603, and GX-10604.  (Docket No. 1314 at 6-7.)[10]  These new exhibits are relevant and admissible. The invoices are relevant to demonstrate interstate commerce and statute of limitations. The employment records are relevant to motive for Defendants' participation in the underlying conspiracy.  The documents are also admissible as business records.

---

[8] In preparing to present the third trial in this matter to the jury, the government also intends to streamline its case-in-chief through both the introduction of witness testimony and exhibits, as it represented to the Court in the April 14, 2022, hearing.  Adding exhibits does not necessarily mean additional trial time and it certainly does not mean additional featured episodes. Indeed, the government's case will be more streamlined simply by virtue of the presentation and focus on a more select group of episodes.
[9] GX-10024, GX-10026, GX-10048, GX-10049, GX-10050, GX-10051, GX-10052, GX-10053, GX-10054, GX-10055, and GX-10056.
[10] Defendants separately moved *in limine* to exclude all "new evidence" (Docket No. 1308).  The government's response to those arguments are contained in its omnibus response to Defendants' motions *in limine*.

**5. The Government Will Continue to Comply with Court's Instructions on Redactions.**

Finally, the Defendants object to the presence of confidentiality designations on government exhibits.  As with the prior trial, the government intends to abide by the Court's instruction to redact confidentiality designations on exhibits that are published and/or sent back to the jury for their deliberations.

**CONCLUSION**

Since Defendants' cut-and-paste brief recycles old, overruled arguments, and Defendants have not provided any reason or changed circumstances justifying a change to the Court's approach to unsponsored exhibits, their objections should be overruled.

Dated: May 12, 2022                    Respectfully submitted,

/s/ Paul J. Torzilli
KEVIN B. HART
LESLIE A. WULFF
DANIEL A. LOVELAND, JR.
PAUL J. TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-8242
Email: kevin.hart@usdoj.gov
*Attorneys for the United States*