**Attachment A**

**Government's Proposed Revised Instruction No. 26**

The grand jury returned an indictment against Mr. Penn, Mr. Fries, Mr. Brady, and Mr. Austin on June 2, 2020.  The grand jury returned an indictment against ~~Mr. Mulrenin, Mr. Kantola, Mr. Little,~~ Mr. Lovette~~, Mr. Roberts, and Mr. Blake~~ on October 6, 2020.

There is a five-year statute of limitations that applies to the Sherman Act crime charged in the indictment.  A statute of limitations is a law providing that a conviction is barred if the government does not file charges within a prescribed period of time.[1] Here, t~~T~~his means that you cannot find ~~Mr. Penn, Mr. Fries, Mr. Brady, or Mr. Austin, or Mr. Lovette~~ the defendants guilty unless the government proves, beyond a reasonable doubt, that the alleged conspiracy existed at some point within the period of the statute of limitations.~~,~~ ~~which for purposes of~~ For Mr. Penn, Mr. Fries, Mr. Brady, and Mr. Austin, the government needs to prove the conspiracy existed at some point ~~is the period beginning~~ after June 2, 2015 ~~and continuing until June 2, 2020~~.  ~~The statute of limitations period for Mr. Mulrenin, Mr. Kantola, Mr. Little, Mr. Lovette, Mr. Roberts, and Mr. Blake~~ For Mr. Lovette, the government needs to prove the conspiracy existed at some point after ~~is the period beginning~~ October 6, 2015 ~~and continuing until October 6, 2020~~.

To prove that the conspiracy existed within the statute of limitations, the government must prove beyond a reasonable doubt that one or more members of the conspiracy performed some act ~~after June 2015 as to Mr. Penn, Mr. Fries, Mr. Brady, or~~

---

[1] ECF 1234 at 5 (Court's response to Jury Note #3).

1

~~Mr. Austin or after October 2015 as to Mr. Mulrenin, Mr. Kantola, Mr. Little, Mr. Lovette, Mr. Roberts, and Mr. Blake~~ in furtherance of the conspiracy <ins>within the limitations period. It is not necessary that the government prove that each individual defendant performed some act in furtherance of the conspiracy for the conspiracy to exist within the limitations period—only that one of more members of the conspiracy performed some act within the limitations period.[2]</ins>

<ins>All acts that intentionally further the goals of the charged conspiracy are part of the conspiracy and prove its continuing existence.  Such acts may include acts by a single conspirator, acts by an uncharged conspirator, and acts that, in themselves, are lawful.  These acts may include fixing prices, rigging bids, or accepting payments on rigged or price-fixed contracts.[3]</ins>

---

[2] ECF 1234 at 3 (Court's response to Jury Note #2).
[3] *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1270 (10th Cir. 2018) ("the statute of limitations is tolled as long as the firm that ultimately received the rigged bid receives payments on the unlawfully obtained contract."); *id*. at 1271 ("similarly to how the conspiracy in *Evans* continued so long as the 'winner' of the rigged contract received payments on that contract, so too did the alleged conspiracy continue here so long as the co-conspirators were receiving and distributing contingency fees among the conspirators on the allocated estates.").