IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN, and
5.     WILLIAM WADE LOVETTE,

    Defendants.

No. 20-cr-00152-PAB

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S "NOTICE" OF INTENT TO OBJECT TO LEADING QUESTIONS BY A DEFENDANT ON CROSS-EXAMINATION OF A CO-DEFENDANT'S WITNESS**

The government has once again filed a shadow motion requesting an advisory opinion. The government's latest "notice" asks the Court to prohibit each Defendant from asking leading questions when cross-examining another Defendant's witness. The Court should reject that request. Indeed, the Court has already ruled repeatedly on this issue, permitting Defendants to ask leading questions. The government does not acknowledge these rulings, ask for reconsideration, or point to any bases for a different result. In any event, without any actual testimony, the Court cannot decide whether any hypothetical question is so problematic that it warrants a different result. The government's request also reveals an oversimplified view of the Defendants. The government must prove each Defendant's guilt beyond a reasonable doubt. Each Defendant has individual rights, including the right to put on his own defense and to confront the witnesses testifying in these proceedings. And while the Defendants have coordinated on certain matters for the benefit of judicial efficiency, those efforts do not

demonstrate "coordinated cross-examination" or the use of cross-examination "in form only and not in fact." Doc. 1385 at 2-3. In other multi-defendant proceedings, including the last two trials in this case, it has been standard practice for one defendant to ask leading questions of another defendant's witness. The government offers no reason to depart from that standard practice or the Court's prior rulings.

## ARGUMENT

I.  **The Court Should Reject The Government's Request For An Advisory Opinion.**

The government "notice" is confounding. It simultaneously (i) concedes that there is no actual conflict ripe for the Court's review—the government informs the court that it "inten[ds] to object" *if* it finds Defendants' cross-examination "inappropriate" as a result of undefined "coordination"—and (ii) asks the Court categorically to bar any leading questions by Defendants—"to the extent any Defendant chooses to call witnesses, his co-Defendants should be prohibited from posing leading questions." Doc. 1385 at 1, 3. The Court should reject the government's request.

The Constitution "bars the federal courts from issuing advisory opinions." *Qwest Corp. v. Pub. Utilities Comm'n of Colo.*, 479 F.3d 1184, 1191 (10th Cir. 2007). This constitutional limitation applies with full force in the evidentiary context. *See Phillipp v. U.S. Cas. Co.*, 127 F. Supp. 37, 38 (D. Colo. 1954). Accordingly, when a party asks for a hypothetical evidentiary ruling before the issue actually arises and "give[s] definition and substance" to an otherwise "nebulous query," the court should deny the request as "little more than an advisory opinion not within the judicial function." *Id.* at 38 (refusing to rule on evidentiary issue before it arose at trial); *see EEOC v. BCI Coca-Cola Bottling Co.*, 2003 WL 27384919, at *1 (D.N.M. Oct. 1,

2

2003) (refusing to render advisory opinion on admissibility of not yet-identified evidence). In *United States v. Chaco*, for example, the court denied the government's pre-trial request for a ruling on whether it could use leading questions. 2011 WL 3503245, at *1 (D.N.M. Aug. 5, 2011). The court emphasized that rather than give "the United States carte blanche to ask leading questions, or prohibiting them entirely," it "must decide in the context of the trial, examination, and testimony whether the leading questions are appropriate." *Id.*; *see United States v. Lujan*, 2011 WL 13210672, at *2 (D.N.M. May 26, 2011) ("the Court is not in a position to predict how the testimony might develop"). And in *Cahalan v. May Trucking Co.*, the court denied the identical request the government makes here—plaintiffs' pre-trial request to "preclude Defendants from asking leading questions" to so-called "friendly witnesses called by co-Defendants." 2013 WL 7231500, at *1 (D. Wyo. Jan. 18, 2013) (calling request an "improper motion in limine"). The Court should do the same here.

**II.     The Court Has Already Decided This Issue And The Government Offers No Basis for Reconsideration.**

The government asks the Court to prohibit Defendants from asking leading questions on cross-examination of any Defendant's witness because those unidentified witnesses purportedly are not "hostile." Doc. 1385 at 1-2. The government offers no factual support for its claim, which broadly misunderstands the law and ignores the Court's prior rulings.

Leading questions during cross-examination are the rule, not the exception: courts should "[o]rdinarily . . . allow leading questions . . . on cross examination." Fed. R. Evid. 611(c)(1); *see SEC v. Goldstone*, 317 F.R.D. 147, 163 (D.N.M. 2016) (Rule 611(c) "reflects the more general principle that leading questions are usually permissible on cross-examination" (quotations omitted)). The government concedes as much: "ordinarily, but not always, the court should allow

3

leading questions on cross-examination." Doc. 1385 at 2 (alterations and quotations omitted).

The Court's rulings in the first two trials are consistent with this general presumption. It consistently permitted leading questions during cross-examination. *See, e.g.*, Tr. 4261:10-4262:14, 4348:9-14, 4349:22-4350:7 (Dec. 6, 2021); Tr. 3007:1-3008:1 (Mar. 15, 2022); Tr. 3245:3-6 (Mar. 16, 2022). And it repeatedly overruled government objections to leading questions during Defendants' cross-examinations of another Defendant's witnesses. *See* Tr. 2980:4-7, 2981:5-10, 3012:21-3013:1 (Mar. 15, 2022); Tr. 3729:8-14 (Mar. 21, 2022); Tr. 3893:1-5 (Mar. 22, 2022). In fact, after a lengthy argument about whether Defendants could ask each other's witnesses leading questions, the Court explicitly rejected the position espoused in the government's "notice": the Court ruled that it will "allow leading questions by other defendants." Tr. 2986:14-2989:7 (Mar. 15, 2022) ("if the government believes that there . . . is a setup that's going, . . . then it's free to object").

The government offers no reason for the Court to reconsider its prior rulings. The Court has made clear that it "will not reconsider its earlier rulings, absent a change in circumstances warranting reconsideration." Doc. 1263 at 2. Those grounds include (i) an intervening change in law, (ii) new evidence previously unavailable, and (iii) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The government understands what this Court requires, *see* Doc. 1369 at 7-8 n.6 (acknowledging that the Court requires "changed circumstances to obtain reconsideration of a prior ruling"), and yet fails to acknowledge the Court's prior rulings, to argue for reconsideration, or to identify any changed circumstances. These failures alone doom the government's "notice" and its threat of future objections to every leading question.

4

Separately, the government makes the conclusory claim that every hypothetical witness called by a Defendant will be "friendly" to and "coordinated" with every other Defendant. Doc. 1385 at 2. The claim is without any factual support and impermissibly tries to group Defendants together as a unitary entity. Guilt must be assessed for each defendant individually, and each Defendant has his own theory of defense. *United States v. Martin*, 965 F.2d 839, 842 (10th Cir. 1992) ("classic conflict situation" is one co-defendant offering testimony "in contravention of his co-defendants' theory of defense"). That is why each Defendant retained his own counsel. And it is why the Court rejected the government's same request in the last trial. Tr. 2988:2-8 (Mar. 15, 2022) ("The problem, though, is that becomes a difficult rule for the Court to try to police essentially in terms of identity of interest, because the identity of interest could in some cases be various to different defendants.").

The government's cases do not counsel a different result. Those cases explain only that when "the witness is aligned with the [questioner]," courts have discretion to bar leading questions. *United States v. DeLeon*, 418 F. Supp. 3d 682, 750 (D.N.M. 2019); *see Movant v. Constr. Aggregates Corp.*, 570 F.2d 626, 635, n.12 (6th Cir. 1978); *Goldstone*, 317 F.R.D. at 163. But as the Court has already ruled, the mere fact that one Defendant calls a witness to testify does not mean that the witness is aligned with any other Defendant, let alone all Defendants' interests. And it is far too simplistic to adopt a rule that any time there are multiple defendants—all of whom are seeking acquittal—those defendants are automatically barred from asking leading questions during the cross-examination of another defendant's witnesses; otherwise, the exception would swallow the rule. Rule 611(c) notably does not include any such exception for co-defendant witnesses. *See* Fed. R. Evid. 611(c); *see United States v. Brown*, 529 F.3d 1260,

5

1265 (10th Cir. 2008) ("the enumeration of certain things in a statute suggests that the legislature had no intent of including things not listed or embraced") (quotations omitted).

## CONCLUSION

For the reasons above, the Court should reject the government's attempt to sidestep the Court's prior rulings and improperly limit Defendants' cross-examinations.

Dated: June 24, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

Dated: June 24, 2022

*s/ Michael F. Tubach*

Michael F. Tubach