**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    WILLIAM WADE LOVETTE,
      Defendants.

**DEFENDANTS MOTION FOR LEAVE TO RESTRICT ACCESS TO DEFENDANTS'
MOTION TO EXCLUDE PURPORTED "REBUTTAL"
TESTIMONY OF REBECCA NELSON AND ACCOMPANYING EXHIBITS**

      Defendants, by and through their respective counsel, hereby jointly move pursuant to Rule 49.1(d) of the Federal Rules of Criminal Procedure and District of Colorado Local Rule 47.1 for leave to restrict access to certain attachments to their a joint motion to exclude Tactical Specialist for the FBI Rebecca Nelson's purported rebuttal testimony. Defendants request Level 1 restriction, limiting access to the Court and the parties in this case. In support of the requested relief, Defendants state as follows:

      1.    On June 24, 2022, the United States filed a "notice" of its intent to call FBI Tactical Specialist Rebecca Nelson to testify as a non-expert rebuttal witness. At the conclusion of court on Tuesday, June 28, 2022, Defendants informed the Court of their intention to respond to the United States' "notice."

2. On June 28, 2022, Defendants file their response to the United States' notice, in the form of a motion to exclude Ms. Nelson's purported rebuttal testimony and seek leave to file certain attachments under Level One restriction. Specifically, Defendants' seek leave to file under Level One restriction production letters from the United States, which reveal identities of individuals interviewed by law enforcement agencies as part of this investigation and case, and interview memoranda/FBI 302s.

3. Filing these attachments at Level One restriction is appropriate under D.C.Colo.LCrR 47.1. Although the identities of certain individuals interviewed as part of this on-going investigation and trial has been made public, the identity of every individual interviewed as part of this investigation has not been disclosed. Therefore, continuing to seal production letters and FBI 302s disclosing the identities of individuals interviewed as part of the investigation is warranted. Further, disclosure of FBI 302s would reveal the contents of interviews with law enforcement agencies and other government officials, disclosure of which is not yet public. In this case, the on-going investigation outweighs the presumption of public access.

4. Accordingly, Defendants respectfully request leave to Exhibit A, E, and F to their Joint Motion.

Respectfully submitted this 28th day of June 2022,

*s/ Bryan B. Lavine*
Bryan B. Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2022, I electronically filed the foregoing **DEFENDANTS MOTION FOR LEAVE TO RESTRICT ACCESS TO DEFENDANTS' MOTION TO EXCLUDE PURPORTED "REBUTTAL" TESTIMONY OF REBECCA NELSON AND ACCOMPANYING EXHIBITS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Bryan B. Lavine*
Bryan B. Lavine